IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CYBERNET ENTERTAINMENT, LLC<br><br>Plaintiff,<br><br>vs.<br><br>IGOR KOVALCHUK a/k/a "VINCE," d/b/a DRTUBER.COM; ERA TECHNOLOGIES, LTD.; EXTRON WORLDWIDE CORP.; and JOHN DOES 1-50,<br><br>Defendants. | CASE NO. 0:12-CV-60660-RNS |

**DEFENDANTS' MOTION TO (1) QUASH PURPORTED PROOF OF SERVICE, (2) SET ASIDE DEFAULT, AND (3) FOR SANCTIONS**

**SPECIAL APPEARANCE**

As a preliminary matter, this Motion in opposition to Plaintiff's attempts at service of process and fraudulently entered default as to Defendant Igor Kovalchuk is intended as a limited appearance, specially by and through the undersigned attorney and pending for admission *pro hac vice* counsels of record. Overall, Defendants do not consent to the jurisdiction of this Court as to this matter and seek only to quash Defendant's procedurally inadequate service of process and set aside the fraudulently entered default. With due haste as to comply with the requirements of setting aside a default upon a party learning of the same, the undersigned files this motion.

**OVERVIEW**

The Plaintiff, Cybernet Entertainment, LLC ("Cybernet") appears to be playing a classic game of bait-and-switch with the Court. Cybernet's legal sleight-of-hand seems to work like this: although Plaintiff's sophisticated counsel know well how they are *supposed* to serve the Defendants under the Hague Convention, they chose *not* to follow the legally-mandated procedures and, instead, knowingly filed a return of service that is facially improper, followed by

a motion for default (relying on the improper return of service). When the Defendants are forced to respond to the default that enters as a matter of course (despite never having been properly served), Cybernet will shrug and say, "well, the Defendants are here *now*, so service isn't necessary because they know about the case." Service of process is not a "procedural nicety," however, and the Plaintiff should not be allowed to treat it as such.

Because the Defendants have *not* been served, the Court should quash the purported "proof of service" filed with this Court; set aside the default against Defendant Igor Kovalchuk and award the Defendants their attorney's fees in connection with this motion. In further support of this Motion, the Defendants state as follows.

## BACKGROUND

On April 13, 2012, Cybernet filed the present action against ERA Technologies, Ltd. ("ERA"), Extron Worldwide Corp. ("Extron"), and Igor Kovalchuk ("Mr. Kovalchuk"), alleging copyright violations at a website with the domain name of www.DrTuber.com.

The DrTuber website is owned and operated by ERA. *See*, Affidavit of Igor Kovalchuk, attached hereto as **Exhibit 1.** *See also Fraserside IP L.L.C. v. Kovalchuk, 2012 U.S. Dist. LEXIS 28704 (N.D. Iowa 2012)*, attached hereto as **Exhibit 2.**[1] Neither Mr. Kovalchuk nor Extron own or operate the DrTuber website. *Id.*

---

[1] If the Court experiences a certain sense of *déjà vu* when reading the decision in *Fraserside IP L.L.C. v. Kovalchuk*, it is not without reason. Cybernet's counsel in this action – Chad Belville – was Fraserside IP's counsel in the Iowa action. (Attorneys Gurvits and Fray-Witzer,seeking admission pro hac vice herein, served as Mr. Kovalchuk's counsel there as well.) There, as here, the Plaintiff improperly attempted to claim that Mr. Kovalchuk owned and operated the DrTuber website. After examining the Plaintiff's claims – and resolving all factual inferences in its favor – the Court nevertheless rejected the Plaintiff's contention. *Id.* at *21 ("Kovalchuk specifically disputes his ownership and operation of www.DrTuber.com and has explained that ERA is the website's actual owner while he merely manages ERA's technology. Fraserside has not countered Kovalchuk's sworn affidavit with affidavits or other evidence. Thus, after looking at the facts in the light most favorable to Fraserside, and resolving all factual conflicts in favor of it... Fraserside has not established that Kovalchuk owns and operates www.DrTuber.com.") There, too, Attorney Belville failed to properly serve Mr. Kovalchuk (and failed to properly name ERA). Eventually, however, Mr. Kovalchuk focused his argument solely on the jurisdictional issue, which resulted in the dismissal of the claims in their entirety. *Id.* Attorney Belville has recently brought an identical claim on behalf of

None of the parties to this action have any real connection to this forum.  The Plaintiff alleges that it is a New York Corporation with a principal place of business in California.  *Complaint,* ¶1.  ERA is a corporation incorporated in, and with a business address in, the British Virgin Islands.  *See* Kovalchuk Affidavit.  Extron, which is no longer a functional entity, was a Panamanian Corporation.  *Id.*  Mr. Kovalchuk is a Russian citizen.  *Id.  See also Fraserside I.P. L.L.C., supra* at *9 ("Defendant [Igor] Kovalchuk is a Russian citizen and a resident of Russia.  Kovalchuk manages technology for ERA Technologies, Ltd. ... a company incorporated in the British Virgin Islands.  ERA owns and operates the www.DrTuber.com website.  The website www.DrTuber.com is operated out of Tortola, British Virgin Islands.  ...ERA has a business address in the British Virgin Islands, but Kovalchuk does not. Kovalchuk has never visited the British Virgin Islands.")

In 2011, ERA contracted with Incorporate Now, Inc. ("Incorporate Now") for the provision of Digital Millennium Copyright Agent ("DMCA") services.[2]  *See* Luchian Affidavit, attached hereto as **Exhibit 4**.  Pursuant to that agreement, Incorporate Now's employee, Constantin Luchian ("Mr. Luchian") filed an "Interim Designation of Agent to Receive Notification of Claimed Infringement" with the United States Copyright Office.  *See* **Exhibit 5.**  That notice indicates that it was filed on behalf of ERA and the DrTuber website only.

Mr. Luchian is not the DMCA agent – indeed he is not *any* kind of agent – for either Mr. Kovalchuk or Extron.   *See* Kovalchuk Affidavit; Luchian Affidavit.  Indeed, neither Mr. Kovalchuk nor Extron have ever met, spoken with, or corresponded with Mr. Luchian.  *Id.*  Mr.

---

Fraserside in <u>this</u> Court, apparently hoping to find a more sympathetic forum.  *See Fraserside IP L.L.C. v. Kovalchuk* 12-cv-60931-KAM.  No service of process has been made in that matter.

[2] Under the DMCA, the owner of a website may designate an agent for the limited purpose of accepting "takedown notices," or requests by copyright holders to have their materials removed from the website.  *See* **Exhibit 3**, from the United States Copyright Office.  Having a DMCA agent is a prerequisite to certain "safe harbor" defenses available to websites under the DMCA.

Luchian provides no services to them and has absolutely no authority to act on their behalf or to accept service of process for them.  *Id.*  Indeed, with respect to Mr. Kovalchuk and Extron, Mr. Luchian is a complete stranger.  *Id.*

With respect to ERA and the DrTuber website, Mr. Luchian (through his employer, Incorporate Now), is a service provider with an exceedingly limited role: he receives and forwards to ERA takedown notices from copyright rights holders when such notices are provided pursuant to the DMCA.  *Id.*  Mr. Luchian is not an agent of ERA Technologies or the DrTuber website for *any* other purpose and he is *not* authorized to accept service of process on behalf of ERA Technologies or the DrTuber website.  *Id.*  Mr. Luchian is not now – nor has he ever been – an employee of ERA Technologies or the DrTuber website.  *Id.*  Mr. Luchian is not now – nor has he ever been – an owner, officer, director, manager, general agent, business agent, or cashier of ERA Technologies or the DrTuber website.  *Id.*  Mr. Luchian is simply an employee of Incorporate Now, a service provider who serves as a DMCA agent for numerous websites.  *Id.*  Mr. Luchian and Incorporate Now do not now have – nor have they ever had – the general authority to act for ERA Technologies or the DrTuber website within Florida.  Nor do they have (nor have they ever had) the authority to speak for ERA Technologies or the DrTuber website within the state.  *Id.*

Nevertheless, on or about May 14, 2012, a gentleman presented himself at Mr. Luchian's office and asked the receptionist to see him.  *See* Luchian Affidavit.  When Mr. Luchian came to the reception desk, the gentleman handed him an envelope with papers in it.  *Id.*  Other than asking Mr. Luchian to confirm his name, the gentleman did not ask any questions and did not ascertain whether Mr. Luchian was authorized to accept service of process for ERA, Extron, or

Mr. Kovalchuk. *Id*. Mr. Luchian asked if he needed to sign anything and he was told he did not. *Id*. The gentleman did not tell Mr. Luchian what the envelope contained. *Id*.

When Mr. Luchian opened the envelope, he discovered that it contained a complaint and related documents that appeared to relate to ERA. *Id*. Because he was not authorized to accept service of process on behalf of ERA, he did not forward the documents to ERA, although he did send them to Attorney Val Gurvits, who he knew had previously represented ERA.[3] *Id*. Because he had *no relationship whatsoever* with Extron or Mr. Kovalchuk, he did not send them copies of the complaint or related documents, nor did he undertake to notify that he had received such documents. *Id*.

Late on Friday, July 19, 2012, Attorney Marc Randazza – also counsel for Cybernet – emailed Attorney Gurvits. In that email, Attorney Randazza took the position that service had been made in this matter by virtue of the complaint having been served on Mr. Luchian. *See* **Exhibit 8.** Unsurprisingly, the letter assiduously avoids mentioning *which* defendant or defendants Attorney Randazza believes to have been served.

On Tuesday, July 24, 2012, surprised by Cybernet's assertion that service (on anyone) had been effectuated, counsel checked the electronic docket only to discover that the Plaintiff had filed a purported Proof of Service; a Motion to Default ERA, Extron, and Mr. Kovalchuk; and a Proposed Order defaulting all of the defendants. Because the purported Proof of Service only claimed that Mr. Kovalchuk had been served (by virtue of the service on Mr. Luchian, who is listed on the Proof of Service as "Registered DMCA Agent"), the Court did not enter a default as to ERA or Extron, though it did enter a default as to Mr. Kovalchuk based on the false representations made to this Court by Cybernet. *See* Docket Nos. 10-15

---

[3] Attorney Gurvits had repeatedly informed Plaintiff's counsel that he was not authorized to accept service of process on behalf of any of the defendants. *See* **Exhibits 6 and 7.**

Upon learning of the Plaintiff's filings with this Court, counsel contacted the Defendants, who then authorized counsel to file appearances in this case. Less than a week after learning of the default entered with respect to Mr. Kovalchuk, the Defendants filed the present motion seeking (among other things) for the default to be set aside.

## ARGUMENT

I. Plaintiff's Claim That Service On ERA's DMCA Agent Is Sufficient Service of Process is Specious.

As the Proof of Service filed by Cybernet makes clear, the *only* purported service was made on ERA's DMCA Agent, Mr. Luchian. And, although Cybernet has sought defaults against ERA, Extron, and Mr. Kovalchuk based on this "service," in truth (as Cybernet well knows), there has been no service whatsoever with respect to Mr. Kovalchuk and Extron and completely ineffective service with respect to ERA. None of this was enough to deter Cybernet from filing a motion to default all three defendants. Because the only conceivable argument that Cybernet could make[4] is that service was proper with respect to ERA (because Mr. Luchian is ERA's DMCA Agent), the Defendants address that argument first.

Preliminarily, it is important to note that, "once a defendant brings the sufficiency of service into question, it is the Plaintiff's burden to prove sufficient service." *United States v. Austin*, 2011 U.S. Dist. LEXIS 108108, *6 (S.D.Fla. 2011)(citations omitted). *See also Diaz v. Serrano,* 2009 U.S. Dist. LEXIS 98628, *2 (S.D. Fla. Oct. 8, 2009)("It is Plaintiff's burden to show proper service of the operative complaint)(citing *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005)).

"Statutes governing service of process should be strictly construed, and valid service on a corporation may be effected only by complying with such statutes. ...Absent strict compliance,

---

[4] Indeed, Cybernet's counsel, Marc Randazza, made precisely this argument to Defendants' counsel in his email, attached as Exhibit 7.

Case 0:12-cv-60660-RNS   Document 18   Entered on FLSD Docket 07/30/2012   Page 7 of 16

the court lacks personal jurisdiction over the corporation." *Bank of Am., N.A. v. Bornstein*, 39 So. 3d 500, 502 (Fla. Dist. Ct. App. 4th Dist. 2010); *Dade Erection Serv. v. Sims Crane Serv.*, 379 So. 2d 423, 425 (Fla. Dist. Ct. App. 2d Dist. 1980)( "Sections 48.081 and 48.091 provide the exclusive means of effecting service of process on an active corporation, and these provisions must be strictly construed")(citations omitted); *Carcamo v. Norgas Carriers AS*, 2010 U.S. Dist. LEXIS 74363, *7 (S.D. Fla. 2010)("Under Florida law, statutes that govern service of process are to be strictly construed to insure that a defendant receives notice of the proceedings . . . The burden of proving the validity of the service of process is on the plaintiff")(internal citations and quote marks omitted).

Turning then to the operative rules, the "universe" of persons who may be served on behalf of a foreign corporation such as ERA is defined by looking at both the federal and state rules governing such service. *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005). Under Fed. R. Civ. P. 4(h), service upon a foreign corporation may be made upon "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive such service of process...." Similarly, under Section 48.081 of the Florida code (which is incorporated through Fed.R.Civ.P. 4(e)(1)) service upon a foreign corporation may be made only upon "the president or vice president, or other head of the corporation," "the cashier, treasurer, secretary, or general manager," "any director," "any officer," or a "business agent" of the corporation.

It is beyond dispute that Mr. Luchian is *not* ERA's officer, director, president, vice president, head of corporation, cashier, treasurer, secretary, managing agent, general agent, or general manager. *See* Luchian Affidavit and Kovalchuk Affidavit. Indeed, Mr. Luchian is not even an employee of ERA, nor does he have any decision-making power for ERA. *Id.* It is also

7

beyond dispute that Mr. Luchian was never authorized to accept service of process on behalf of ERA. Accordingly, the only *conceivable* argument that Cybernet could make is that – by virtue of his limited role as ERA's DMCA Agent – Mr. Luchian was transformed into ERA's "business agent." The fact that the argument is *conceivable*, however, does not make it any less frivolous.

"A business agent as contemplated by the law means more than one appointed for a limited or particular purpose. It has reference to one having general authority to act for the corporation within the state. Its duties must be closely related to the duties of the officers of the corporation." *Bank of America, N.A. v. Bornstein*, 39 So. 3d 500, 504 (Fla. Dist. Ct. App. 4th Dist. 2010)(holding service on a bank teller who was a "mere employee" and "not authorized to accept service" insufficient). Moreover, a "business agent of the corporation" needs to be "a person who acts as a representative of the corporation and who officially speaks for it in its local business affairs." *Dade Erection Serv.* at 426; *Mail Transport, Inc. v. Amoco Oil Co.,* 402 So. 2d 522, 524 (Fla. 1st DCA 1981).

Because Mr. Luchian had no general authority to act on behalf of ERA – indeed he had no authority to do anything other than receive and forward DMCA takedown notices – he does not qualify as ERA's "business agent" as defined under Florida law and service upon him was improper.[5]

---

[5] Plaintiff's counsel has articulated a theory that appointing an agent for the purpose of accepting DMCA takedown notices equates into authority to accept service of process in civil complaints. The theory is without basis in fact or law. Indeed, by way of analogy, in patent cases, a foreign patent holder may appoint an agent "in the United States on whom may be served notices or process in proceedings affecting the mark." 15 U.S.C. §1051(e). Even so, some courts have held the appointment of such an agent does not constitute the appointment of an agent for the service of a civil complaint involving the patent (as opposed to a *proceeding* before the PTO). *See, e.g., Outboard Marine Corp. v. Chantiers Beneteau Societe Anonyme Z.I. Des Mares,* 687 F.Supp. 366 (N.D. Ill. 1988)(finding insufficient service of a civil complaint on the defendant's agent for service of patent proceedings). In the present case, the facts are much more compelling. Mr. Luchian is not authorized to accept service of *any* kind of process on behalf of the defendants.

If, however, "what's past is prologue"[6] Plaintiff's counsel will next attempt to argue that – although Cybernet did not actually serve any of the defendants as required by the Rules – it should be excused such "procedural niceties," because the defendants now have actual knowledge of the present action. And, in doing so, the Plaintiff's bait-and-switch would be complete. As this Court has held, however, "defendants are entitled to service which complies with the Federal Rules of Civil Procedure...." *Diaz v. Serrano,* 2009 U.S. Dist. LEXIS 98628, *5 (S.D. Fla. 2009). Indeed, Florida courts have specifically rejected the argument that service of process rules were satisfied when the defendants ultimately learned of the lawsuit by virtue of improper service of process. *Dade Erection Serv.* at 425 ("The plaintiff... argued that the intended result of the statute was accomplished when the appropriate officer eventually learned of the suit...that was not the purpose of the statute; the purpose was, to *insure* notice as high on the corporation hierarchy as possible")(rejecting as insufficient service on the spouses of the company's officers and directors, even though the proper officers and directors received the papers from their spouses); *quoting Ludlum Enterprises, Inc. v. Outdoor Media, Inc.*, 250 So. 2d 649, 650 (Fla. 4th DCA 1971)(finding as insufficient service on "a desk clerk, an 'agent' of the corporation, at the corporation's hotel" even though the desk clerk then delivered the summons and complaint to the company's president.)

Indeed, to hold otherwise would simply be an invitation to every plaintiff to ignore the actual rules of service in favor of procedural tricks and sleight of hand. Accordingly, because there has been no proper service on any of the Defendants, the purported Proof of Service should be quashed.

    II.    Plaintiff's Claim That Any Service Was Made On Mr. Kovalchuk or Extron Borders on the Fraudulent.

---

[6] Shakespeare, William. *The Tempest.*

Whereas Cybernet's assertion that ERA was properly served is merely frivolous, its claim to this Court that *any* service has been made on either Mr. Kovalchuk or Extron veers towards the fraudulent. There is no conceivable argument that service on Mr. Luchian – ERA's DMCA agent – is proper service on either Mr. Kovalchuk or Extron. Mr. Luchian does not serve as the DMCA agent – or as any kind of agent – for either Mr. Kovalchuk or Extron. *See Luchian Affidavit* and *Kovalchuk Affidavit*. **Indeed, neither Mr. Kovalchuk nor Extron ever met, spoke with, or corresponded with Mr. Luchian**. *Id.* With respect to Mr. Kovalchuk and Extron, Mr. Luchian is a complete stranger and service upon him was about as effective (and as honest) as if Cybernet had randomly selected a person on the street to serve with the Complaint and then informed this Court that proper service had been effectuated.

Because Mr. Luchian was not the agent of either Mr. Kovalchuk or Extron (despite Cybernet's claims to this Court to the contrary) and was not authorized to accept process on their behalf, there has been no effective service on either and the purported proof of service must be quashed.

### III. The Default Against Mr. Kovalchuk Must Be Set Aside As He Has Not Been Served In This Case.

Pursuant to Fed. R. Civ. P. 55(c), this Court may set aside the default against Mr. Kovalchuk for good cause. "...Defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physicians Insur. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). A finding that a defendant has not been properly served means that "the Court has no power to render judgment and the judgment is void." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003)(and cases cited therein); *Garcia v. Airport Book & Video, Inc.*, 2007 U.S. Dist. 62144, *3 (S.D. Fla. 2007). This is true even though the standard for setting aside a *judgment* is the much more stringent requirement that a defendant prove

"excusable neglect" as opposed to the "good cause" required to set aside a default. *Ostane v. Jim Wright Marine Construction, Inc.*, 2010 U.S. Dist. LEXIS 94433, *4 (S.D. Fla. 2010)(standard for setting aside judgment under Rule 60(b) is "more rigorous" than the standard applied to set aside a default under Rule 55(c)), *citing EEOC v. Mike Smith Pontiac GMC*, 896 F.2d 524, 528 (11th Cir. 1990)).

To obtain relief under Rule 55(c), "the movant must only make a 'bare minimum showing' to support its claim for relief." *Daytona Tourist Charter Corporation v. Broward Services Limited*, 2012 U.S. Dist. LEXIS 103282, *4 (S.D. Fla. 2012), *quoting Jones c. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).

Although the Court could end its inquiry with the Plaintiff's failure to serve Mr. Kovalchuk – and Cybernet's filing of a purported proof of service that was, at best, intentionally misleading – it would still be appropriate for the Court to set aside the default even if it were to consider the myriad of factors involved in a "good cause" analysis. *See, e.g., Daytona Tourist Charter Corporation,* at *4 (factors which the court may consider include "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary, (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default," *quoting  S.E.C. v. Johnson*, 436 F. App'x. 939, 945 (11th Cir. 2011).

In the present case, the relevant factors all favor setting aside the default.  Mr. Kovalchuk's default was neither culpable nor willful.  Indeed, having never been served, it is hard to image how Mr. Kovalchuk's default *could* be considered either culpable or willful.  Mr. Kovulchuk, like every defendant, has a right to wait until such time as he is served to respond to a complaint.  Indeed, given that this Court does not have personal jurisdiction over Mr.

11

Kovulchuk (an issue which he will brief more fully if and when he is served with process in this action), he had every reason to wait and see if the Plaintiff would expend the efforts necessary to effectuate such service.

Next, there is no reasonable argument that setting aside the default would prejudice Cybernet in any legitimate way. Cybernet cannot be heard to "cry foul" at the prospect of having an improperly obtained default set aside, which would require only that they follow the rules which they have thus far ignored.

Mr. Kovulchuk has numerous meritorious defenses. Without limiting the defenses that Mr. Kovulchuk might eventually present, the complaint against him must fail: (1) because the Court does not have personal jurisdiction over him, (2) he is not the owner or operator of the DrTuber website and, as such, cannot be held liable for any wrongs allegedly occurring through the site, and (3) the DrTuber website will have valid defenses under the Digital Millennium Copyright Act, given that it properly appointed a DMCA Agent to receive takedown notifications, and that it properly responds to all DMCA-compliant takedown notices. *See Kovalchuk Affidavit and Luchian Affidavit. See also Fraserside IP, LLC v. Kovalchuk, supra*.

By virtue of the improperly entered default, Mr. Kovalchuk has been required to expend significant amounts for legal services for the present motion. Finally, the same day that Mr. Kovalchuk was notified of the default, he authorized his counsel to engage local counsel and bring the present motion. Counsel has worked nearly round-the-clock to ensure that this motion was brought within days of the default having entered.

For all these reasons, the default as to Mr. Kovalchuk should be set aside for good cause.

IV.   The Plaintiff Should Be Sanctioned For Filing A Return of Service That Was, At Best, Misleading, Necessitating the Present Motion.

"Federal courts have the inherent power to control and discipline parties by awarding sanctions to punish conduct that is designed to, or utilized in such a manner as to, abuse the judicial process." *Wakefield v. Sears, Roebuck and Co.*, 2008 U.S. LEXIS 18814, *3 (S.D. Fla. 2008)(citations omitted). "The exercise of such inherent authority results from a finding of bad faith." *Id.* (citations omitted). In particular, this Court has the inherent power to assess attorney's fees against a party who engages in bad faith litigation tactics. *Barash v. Kates*, 585 F. Supp. 2d 1368, 1371-72 (S.D. Fla. 2008)(collecting cases). Such sanctions "serve two goals: (1) vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court; and, (2) mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy." *Id.*

In the present case, the Plaintiff – knowing that the Defendants have not been properly served (indeed, that two of the defendants have not been served at all) – represented to this Court that service had been accomplished and that a default should enter as to all three defendants. In reliance on Plaintiff's assertions, this court allowed a default to enter against Mr. Kovalchuk, necessitating the present motion. But for the Plaintiff's improper strategic attempt to subvert the requirement of proper service of process, the Defendants would not have incurred the costs associated with this motion. Additionally, given that counsel was fully aware of the Court's findings in *Fraserside v. Kovalchuk* and given counsel's repeated attempts to skirt the requirements of the Federal Rules of Civil Procedure, sanctions are warranted to deter such continued conduct.

Accordingly, the Defendants respectfully request that they be awarded their reasonable costs and attorney's fees associated with the present motion. If the Court allows this portion of Defendants' motion, counsel shall submit an affidavit of costs and fees to the Court.

**CONCLUSION**

For the reasons articulated herein, Defendants respectfully request that the Court:

1. Quash the Proof of Service filed by Cybernet;

2. Set aside the default entered against Mr. Kovalchuk; and

3. Award the defendants their reasonable attorney's fees in connection with this Motion.

Respectfully Submitted;

BRADLEY LEGAL GROUP, P.A.
Attorneys for Defendants

By: /s/John F. Bradley
John F. Bradley, Esq.
Florida Bar #0779910
Louis Smoller, Esq.
Florida Bar #086253
15 Northeast 13th Avenue
Fort Lauderdale, FL 33301
www.bradlegal.com
Telephone No. (954) 523-6160
Fax No. (954) 523-6190
Email: jb@bradlegal.com

/s/Evan Fray-Witzer
Evan Fray-Witzer, *pro hac vice pending*
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 723-5630
Evan@CFWLegal.com

/s/Valentin Gurvits
Valentin Gurvits, *pro hac vice pending*

Boston Law Group, PC
825 Beacon Street, Suite 20
Newton, MA 02459
(617) 928-1804
vgurvits@bostonlawgroup.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE
OF ELECTRONIC FILING GENERATED BY CM/ECF**

      I HEREBY CERTIFY that on this 30th day of July 2012, I electronically filed the foregoing document with the Clerk of the Court using its CM/ECF System.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified either via transmission of Notice of Electronic Filing generated by this Court's CM/ECF System or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notice of electronic filing.

      /s/John F. Bradley
      John F. Bradley, Esq.

## SERVICE LIST

**Cybernet Entertainment, LLC. v. Igor Kovalchuck, et. Al**
**Case No: 12-cv-60660-RNS**
**U.S. District Court, Southern District of Florida**

**Chad L. Belville**
4742 North 24th Street
Suite 315
Phoenix, AZ 85016
602-904-5485
Fax: 602-297-6953
Email: cbelville@azbar.org
*ATTORNEY FOR PLAINTIFF*

**Marc John Randazza**
6525 W. Warm Springs Rd.
Suite 100
Las Vegas, NV 89118
888-667-1113
Fax: 305-437-7662
Email: MJR@randazza.com
*ATTORNEY FOR PLAINTIFF*

**Jason Allan Fischer**
Fischer Law, P.L.
One Biscayne Tower
2 Biscayne Boulevard, Suite 2600
Miami, FL 33131-1815
(321) 356-0766
Fax: (305) 397-2772
Email: fischerlawpl@me.com
*ATTORNEY FOR PLAINTIFF*

**Val Gurvits**
Boston Law Group, PC
825 Beacon Street, St. 20
Newton Centre, MA 02459
(617) 928-1800
Fax: (617) 928-1802
vgurvits@bostonlawgroup.com
*ATTORNEY FOR DEFENDANT*

**Evan Fray-Witzer**
Law Office of Evan Fray-Witzer
20 Park Plaza, St. 804
Boston, MA 02116
(617) 723-5630
Fax: (617) 507-8043
Evan@Fray-Witzer.com
*ATTORNEY FOR DEFENDANT*