UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

_____

Cybernet Entertainment, LLC                           CASE NO. 12-cv-60660-RNS
a New York Company

          Plaintiff,

v.

Igor Kovalchuk a/k/a "Vince," d/b/a DrTuber.com
ERA Technologies Ltd.; Extron Worldwide Corporation;
and JOHN DOES 1-100,

          Defendants.
_____

## AFFIDAVIT OF IGOR KOVALCHUK

Igor Kovalchuk, being duly sworn, does hereby depose and state:

1. My name is Igor Kovalchuk. Unless otherwise stated, I make this affidavit of my own personal knowledge.

2. I am a citizen and resident of Russia.

3. I manage technology for ERA Technologies, Ltd., a company which is incorporated in the British Virgin Islands.

4. ERA Technologies, Ltd. is the owner and operator of the website www.DrTuber.com.

5. I have been informed that I am named as the defendant in this action and the complaint identifies me, individually, as "doing business as" www.DrTuber.com. This is incorrect. As I have stated, above, www.DrTuber.com is owned and operated by ERA Technologies, Ltd., a fact that is well known to Plaintiff's counsel, Chad Belville, as he

previously attempted to sue me individually in Iowa on behalf of another of his clients. The Court there correctly found that I did not own or operate the website, but that ERA Technologies did. That case was dismissed for lack of personal jurisdiction.

6. I understand that the complaint in this matter also alleges that I own and operate www.DrTuber.com through a company known as Extron Worldwide Corporation. Again, this is incorrect. Extron neither owns nor operates the DrTuber website and, indeed, Extron is no longer a functioning company.

7. In the prior action, Attorney Belville attempted to have me served in the British Virgin Islands. Although ERA Technologies has a business address in the British Virgin Islands, *I* do not. Indeed, I have never even visited the British Virgin Islands. Ultimately, though, the service issue was never pressed since the Court dismissed the case for a lack of personal jurisdiction.

8. I have never been served with a copy of the complaint nor any other papers in the present action. As mentioned, I am a citizen and resident of Russia. I understand that service on me has to be through the process outlined in the Hague Convention. No such service has been made on me.

9. I understand that the Plaintiff has claimed that service was made on me by leaving a copy of the complaint and other documents at the office of the Digital Millennium Copyright Act ("DMCA") agent for ERA Technologies and the DrTuber.com website, Mr. Constantin Luchian, at 110 E Broward Blvd. Suite 1700, Fort Lauderdale, FL.

10. Mr. Luchian is not my agent in any capacity whatsoever and he is certainly not authorized to accept service of process on my behalf. In fact, I have never met Mr. Luchian and

to my knowledge I have never spoken to or corresponded with him. At no point did I receive a copy of the complaint from Mr. Luchian.

11. Similarly, even when Extron was an operating company, it had no connection with Mr. Luchian whatsoever. It did not engage him as an agent for service of process and did not engage him as a DMCA agent. Extron never communicated with Mr. Luchian either verbally or in any written form. At no point did Extron receive a copy of the complaint from Mr. Luchian.

12. In short, with respect to myself and with respect to Extron, Mr. Luchian is a complete stranger.

13. Mr. Luchian is an employee of Incorporate Now, Inc. ("Incorporate Now"). In 2011, ERA Technologies contracted with Incorporate Now for the provision of DMCA agent services. Neither I, nor ERA Technologies or Extron have any ownership interest in or control of Incorporate Now.

14. As the employee of Incorporate Now and the DMCA agent for ERA Technologies and the DrTuber.com website, Mr. Luchian's function is simply to receive and forward DMCA take-down notices. He is not an agent of ERA Technologies or the DrTuber website for any other purpose and he is NOT authorized to accept service of process on behalf of ERA Technologies or the DrTuber website. His employer Incorporate Now is not an agent of ERA Technologies or the DrTuber website for any other purpose and he is NOT authorized to accept service of process on behalf of ERA Technologies or the DrTuber website. At no point did ERA Technologies or the DrTuber website receive a copy of the complaint from Mr. Luchian or from Incorporate Now.

15. Mr. Luchian is not now – nor has he ever been – an employee of ERA Technologies or the DrTuber website.  Mr. Luchian is not now – nor has he ever been – an owner, officer, director, manager, general agent, business agent, or cashier of ERA Technologies or the DrTuber website.  Mr. Luchian is simply an employee of Incorporate Now, a service provider who serves as a DMCA agent for numerous websites.

16. Mr. Luchian and Incorporate Now do not now have – nor have they ever had – the general authority to act for ERA Technologies or the DrTuber website within Florida.  Nor do they have (nor have they ever had) the authority to speak for ERA Technologies or the DrTuber website within the state.

17. Again, Mr. Luchian's sole function as Incorporate Now's employee is to receive and forward DMCA take-down notices to ERA Technologies.

18. Although it should be self-evident from the above, Mr. Luchian was also never an employee of Extron, nor was he ever an owner, officer, director, manager, general agent, business agent, or cashier of Extron.  Mr. Luchian does not have and has never had the general authority to act for Extron within Florida, nor did he ever have the authority to speak for Extron within the state.

19. With respect to me, individually, I have never visited Florida and have never conducted any kind of business in Florida.  I do not have a telephone number there; I have no employees or agents there; I do not own or lease real estate there; and I have no agent for the service of process in Florida.  In fact, I have never visited the United States.

20. With respect to Extron, when the company was operational, it had no connections with Florida.  It did not maintain servers in Florida (or anywhere within the United States), had

no telephone number there, did not lease or own real estate there, had no employees or agents there, did not advertise there, and had no agent for the service of process in Florida.

21. With respect to ERA Technologies, Ltd., I am aware and informed that the company also has no connections with Florida. It does not maintain servers in Florida (or anywhere within the United States), has no telephone number there, does not lease or own real estate there, has no employees or agents there, does not advertise there, and has no agent for the service of process in Florida.

22. I was surprised to learn that a default had entered against me in this matter because I know that I have never been served with a complaint or other documents in this action. I do not understand how I can have defaulted in a case where I had not been put on notice of the claims against me. I was surprised also because I have no connections with Florida and do not think that there is jurisdiction over me in that state.

23. As soon as I learned of the default entered by the Court, I retained counsel in the United States and asked them to address the default issue immediately. I also authorized the hiring of local counsel in Florida.

24. I believe that both I and ERA Technologies have strong defenses to the allegations that have been made. In addition to the jurisdiction issue, I do not believe that I can be held responsible since I do not own or operate the DrTuber website. Also, it is my understanding that ERA is entitled to defenses under the DMCA because it has a DMCA agent and it immediately responds to all DMCA-compliant takedown notices.

Signed under the pains and penalties of perjury this 27th day of July, 2012.

_____
Igor Kovalchuk