

**FRASERSIDE IP L.L.C., an Iowa Limited Liability Company, Plaintiff, vs. IGOR KOVALCHUK, d/b/a www.DrTuber.com and JOHN DOES 1-100 AND JOHN DOE COMPANIES 1-100, Defendants.**

No. C11-3040-MWB

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA, CENTRAL DIVISION

*2012 U.S. Dist. LEXIS 28704*; *Copy. L. Rep. (CCH) P30,218*

**March 5, 2012, Decided**
**March 5, 2012, Filed**

**COUNSEL:** [*1] For Fraserside IP LLC, an Iowa LLC, Plaintiff: Chad Lorin Belville, LEAD ATTORNEY, Attorney at Law, Phoenix, AZ.

For Igor Kovalchuk, doing business as DrTuber.com, Defendant: Constance M Alt, Shuttleworth & Ingersoll, Cedar Rapids, IA; Evan Marc Fray-Witzer, PRO HAC VICE, Ciampa Fray-Witzer, LLP, Boston, MA; Valentin David Gurvits, PRO HAC VICE, Boston Law Group PC, Newton Centre, MA.

**JUDGES:** MARK W. BENNETT, UNITED STATES DISTRICT COURT JUDGE.

**OPINION BY:** MARK W. BENNETT

**OPINION**

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT IGOR KOVALCHUK'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

| |
|---|
| *I. INTRODUCTION AND BACKGROUND* |
| *A. Procedural Background* |
| *B. Factual Background* |
| *II. LEGAL ANALYSIS* |
| *A. Rule 12(b)(2) Standards and Personal Jurisdiction* |
| *B. Personal Jurisdiction Analysis* |
| *1. General jurisdiction* |
| *2. Specific jurisdiction* |
| *C. Limited Jurisdictional Discovery* |
| *III. CONCLUSION* |

Case 0:12-cv-60660-RNS   Document 18-2   Entered on FLSD Docket 07/30/2012   Page 2 of 9

Page 2
2012 U.S. Dist. LEXIS 28704, *1; Copy. L. Rep. (CCH) P30,218

If one goes to Google's home page and types the name of many of plaintiff's copyrighted adult films, and presses the return key, a feast of pirated adult films, on file-sharing websites, will be found. Plaintiff asserts that defendant is one of the rogue internet pirates running such a site and willfully violating its copyrights and trademarks in the process. [*2] However, the merits of plaintiff's claims are not presently before me. Instead, the question for resolution is whether plaintiff has made a *prima facie* showing that defendant, a Russian citizen who resides in Russia, has sufficient minimum contacts with Iowa to satisfy due process and permit the exercise of personal jurisdiction over him.

## I. INTRODUCTION AND BACKGROUND

### A. *Procedural Background*

On August 26, 2011, plaintiff Fraserside IP L.L.C. ("Fraserside") filed an amended complaint against Ronald Kovalchuk, doing business as www.DrTuber.com, John Does, and John Doe Companies, alleging the following causes of action: copyright infringement, in violation of *17 U.S.C. §§ 106* and *501 et seq.*; contributory copyright infringement, in violation of *17 U.S.C. §§ 106* and *501 et seq.*; vicarious copyright infringement, in violation of *17 U.S.C. §§ 106* and *501 et seq.*; inducing copyright infringement, in violation of *17 U.S.C. §§ 106* and *501 et seq.*; trademark infringement, in violation of *15 U.S.C. § 1114*; contributory trademark infringement, in violation of *15 U.S.C. § 1114*; vicarious trademark infringement, in violation of *15 U.S.C. § 1114*; false designation of origin, in violation of *15 U.S.C. § 1125(a)*; [*3] and, dilution of trademark, in violation of *15 U.S.C. § 1125(c)*. [1]

> 1  Kovalchuk was not named in the original complaint filed on August 24, 2011. Instead, Moniker Privacy Services was named as the defendant doing business as www.DrTuber.com.

On November 10, 2011, Kovalchuk filed a Motion to Dismiss (docket no. 14). In his motion, Kovalchuk argues that the amended complaint must be dismissed because he was not served. Kovalchuk further argues that the amended complaint against him must be dismissed because he is not the owner or the operator of the DrTuber.com website. Kovalchuk also contends that he is not subject to personal jurisdiction in Iowa and the amended complaint must be dismissed pursuant to *Federal Rule of Civil Procedure 12(b)(2)*. Alternatively, Kovalchuk asserts Fraserside is not the registrant or owner of any of the copyrights or trademarks at issue and therefore has no standing to bring this case. Kovalchuk argues that since Fraserside does not have standing to bring the copyright and trademark claims, there are no claims over which subject matter jurisdiction exists and the amended complaint must be dismissed pursuant to *Federal Rule of Civil Procedure 12(b)(1)*, or Fraserside's [*4] lack of standing means that it has failed to state a claim upon which relief may be granted and the amended complaint must be dismissed pursuant to *Federal Rule of Civil Procedure 12(b)(6)*.

On January 10, 2012, Fraserside filed a resistance to Kovalchuk's motion. Fraserside argues that Kovalchuk was properly served under British Virgin Islands Rule of Civil Procedure 5.13. Fraserside further contends that factual allegations about Kovalchuk's ownership of DrTuber.com are sufficient to survive a *Rule 12(b)(6)* motion to dismiss. Fraserside also argues that Kovalchuk's internet activities establish a sufficient basis for specific personal jurisdiction. Alternatively, Fraserside contends that the facts support a finding of general jurisdiction over Kovalchuk. Fraserside further asserts that it has standing to sue because it is the proper assignee of the copyrighted and trademarked products at issue. Kovalchuk did not file a reply brief, but he has withdrawn all his challenges to the amended complaint except his argument that he is not subject to personal jurisdiction in Iowa and the amended complaint must be dismissed pursuant to *Federal Rule of Civil Procedure 12(b)(2)*.

### B. [*5] *Factual Background*

The following factual background is drawn from the amended complaint, documents attached to the amended complaint, public records, and affidavits submitted by the parties. [2]

> 2  I note that I may consider public records, those materials that are embraced by the amended complaint, and documents attached to the amended complaint. *See Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011)* ("In addressing a motion to dismiss,'[t]he court may consider the pleadings themselves, materials embraced by the

Case 0:12-cv-60660-RNS   Document 18-2   Entered on FLSD Docket 07/30/2012   Page 3 of 9

Page 3

2012 U.S. Dist. LEXIS 28704, *5; Copy. L. Rep. (CCH) P30,218

pleadings, exhibits attached to the pleadings, and matters of public record.'") (quoting *Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010)*); *Noble Sys. Corp. v. Alorica Cent., L.L.C., 543 F.3d 978, 983 (8th Cir. 2008)* ("the district court is limited to the materials properly before it on a motion to dismiss, which may include public records and materials embraced by the complaint."); *Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)* (noting that a court "generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' as well as materials that [*6] are "'necessarily embraced by the pleadings.'")(citations omitted). Materials necessarily embraced by the amended complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Kushner v. Beverly Enters., 317 F.3d 820, 831 (8th Cir. 2003))*; *see Jenisio v. Ozark Airlines, Inc., Ret. Plan, 187 F.3d 970, 972 n.3 (8th Cir. 1999)* ("A district court may consider documents on a motion to dismiss where . . . the plaintiffs' claims are based solely on the interpretation of the documents and the parties do not dispute the actual contents of the documents."). I may also consider affidavits in deciding a motion to dismiss for lack of personal jurisdiction under *Rule 12(b)(2). See Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998)* (noting that "'the court may inquire, by affidavits or otherwise, into the facts as they exist.'") (quoting *Land v. Dollar, 330 U.S. 731, 735 n.4, 67 S. Ct. 1009, 91 L. Ed. 1209 (1947)*); *Block Indus. v. DHJ Indus., Inc., 495 F.2d 256, 260 (8th Cir. 1974)* ("The 'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in [*7] opposition thereto.").

Plaintiff Fraserside is a wholly owned subsidiary of Fraserside Holdings, Ltd. ("Fraserside Holdings"). Fraserside was created in October 2010. Fraserside Holdings is a Cyprus-based company. Fraserside Holdings is a producer of adult motion pictures. Its adult films are distributed on a wide range of platforms, including mobile handsets in 45 countries, digital television in 24 countries, broadband internet, a South American cable channel, DVDs, and on demand and subscription based services on the internet. Fraserside Holdings, in turn, is a wholly owned subsidiary of Private Media Group, Inc. ("Private Media"), a Nevada Corporation. Fraserside, its parent and sibling companies, collectively, are known commercially as "Private." Private has been producing adult entertainment materials since 1968 in a variety of forms, including print magazines, adult films, and online digital download and streaming.

Fraserside Holdings has protected its films through United States copyright registration. Since 1975, Fraserside Holdings has registered its intellectual property in more than 25 countries, including Australia, Brazil, Canada, Chile, Denmark, Europe, France, Germany, [*8] India, Italy, Japan, Mexico, Norway, New Zealand, Panama, Philippines, Poland, South Africa, Spain, Sweden, Switzerland, Taiwan, Thailand, United Kingdom, and Venezuela.

Fraserside Holdings has protected its trade names, PRIVATE, PRIVATE GOLD, PIRATE, and THE PRIVATE LIFE OF, through United States trademark and service mark registrations. Fraserside Holdings's PRIVATE trademark and service mark have been in continuous use in commerce since 1968. PRIVATE is United States Trademark Registration No. 1014975. It was registered on July 1, 1975, and renewed on September 6, 2005. Fraserside Holdings's PRIVATE GOLD trademark and service mark have been in continuous use in commerce since 2004. PRIVATE GOLD is United States Trademark Registration No. 3188677, and was registered on December 26, 2006. Fraserside Holdings's PRIVATE trademark and service mark design of two human female figures have been in continuous use in commerce since December 2004. PRIVATE is United States Trademark Registration No. 3389749, and was registered on May 28, 2008. Fraserside Holdings's PIRATE trademark and service mark have been in continuous use in commerce since May 24, 2000. PIRATE is United States Trademark [*9] Registration No. 3137445, and was registered on September 5, 2006. Fraserside Holdings's THE PRIVATE LIFE OF trademark and service mark have been in continuous use in commerce since September 1999. THE PRIVATE LIFE OF is United States Trademark Registration No. 2875138, and was registered on August 17, 2004.

Defendant Ronald Kovalchuk is a Russian citizen

Case 0:12-cv-60660-RNS   Document 18-2   Entered on FLSD Docket 07/30/2012   Page 4 of 9

Page 4
2012 U.S. Dist. LEXIS 28704, *9; Copy. L. Rep. (CCH) P30,218

and a resident of Russia. Kovalchuk manages technology for ERA Technologies, Ltd. ("ERA"), a company incorporated in the British Virgin Islands. ERA owns and operates the www.DrTuber.com website. The website www.DrTuber.com is operated out of Tortola, British Virgin Islands. Kovalchuk is listed as the contact person for www.DrTuber.com in the WhoIs Registry. ERA has a business address in the British Virgin Islands, but Kovalchuk does not. Kovalchuk has never visited the British Virgin Islands. Kovalchuk has no employees in Iowa, no telephone number in Iowa, and no agent for service of process in Iowa. Kovalchuk has never visited Iowa and has never conducted any business in Iowa. He does not own or lease any real estate in Iowa.

## II. LEGAL ANALYSIS

### A. Rule 12(b)(2) Standards and Personal Jurisdiction

In considering Kovalchuk's motion to [*10] dismiss for lack of personal jurisdiction pursuant to *Federal Rule of Civil Procedure 12(b)(2)*, Fraserside's amended complaint "must state sufficient facts . . . to support a reasonable inference that [each defendant] may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler, 518 F.3d 580, 585 (8th Cir. 2008)*. "'Once jurisdiction ha[s] been controverted or denied, [plaintiffs] ha[ve] the burden of proving such facts.'" *Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004)* (quoting *Block Indus. v. DHJ Indus., Inc., 495 F.2d 256, 259 (8th Cir. 1974))*; *see Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 592 (8th Cir. 2011)*. Fraserside need not, however, establish jurisdiction by a preponderance of the evidence until an evidentiary hearing is held, or until trial. *Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991)*. Where, as here, "'the district court does not hold a hearing and instead relies on pleadings and affidavits, . . . the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party.'" *Pangaea, Inc. v. Flying Burrito L.L.C., 647 F.3d 741, 745 (8th Cir. 2011)*(quoting [*11] *Dakota Indus., Inc., 946 F.2d at 1387*); *Johnson v. Arden, 614 F.3d 785, 793-94 (8th Cir. 2010)*( "'If the District Court does not hold a hearing and instead relies on pleadings and affidavits, then we must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party.'")(quoting *Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 646-47 (8th Cir. 2003))*; *Romak USA, Inc. v. Rich, 384 F.3d 979, 983-84 (8th Cir. 2004)*(noting that a court "must view the evidence in the light most favorable to [plaintiffs] and resolve factual conflicts in its favor."). For Fraserside to survive Kovalchuk's motion to dismiss under *Rule 12(b)(2)* for lack of personal jurisdiction, Fraserside "'need only make a prima facie showing of jurisdiction,' and may do so by affidavits, exhibits, or other evidence." *Romak USA, Inc., 384 F.3d at 983* (quoting *Epps, 327 F.3d at 647*); accord *K-V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 591 (8th Cir. 2011)*; *see Viasystems, Inc., 646 F.3d at 592*; *Pangaea, Inc., 647 F.3d at 745*.

I "may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and [*12] by the *Due Process Clause of the Constitution*." *Dakota Indus., Inc. v. Ever Best Ltd., 28 F.3d 910, 915 (8th Cir. 1994)*; accord *K-V Pharm. Co., 648 F.3d at 592* ("Personal jurisdiction in a diversity case exists 'only to the extent permitted by the long-arm statute of the forum state and by the *Due Process Clause*.'")(quoting *Dever, 380 F.3d at 1073* (internal quotation marks omitted)). Iowa's long-arm statute "expands Iowa's jurisdictional reach to the widest due process parameters allowed by the United States Constitution." [3] *Hammond v. Florida Asset Fin. Corp., 695 N.W.2d 1, 5 (Iowa 2005)* (discussing Iowa Rule of Civil Procedure 1.306). "As a result, the Court is left with the sole issue of whether exercising personal jurisdiction over [the] nonresident Defendant is consistent with principles of due process." *Brown v. Kerkhoff, 504 F. Supp. 2d 464, 499-500 (S.D. Iowa 2007)*; *see Bell Paper Box, Inc. v. U.S. Kids, Inc. (Bell Paper I), 22 F.3d 816, 818 (8th Cir. 1994)* ("[W]hen a state construes its longarm statute to confer jurisdiction to the fullest extent permitted by the *due process clause* . . . the inquiry collapses into the single question of whether exercise of personal jurisdiction [*13] comports with due process.").

> 3   Iowa's long-arm statute is actually set forth in two places: *Iowa Code § 617.3* and *Iowa Rule of Civil Procedure 1.306*. *Section 617.3* provides for the service of "foreign corporations or nonresidents contracting or committing torts in Iowa," *Iowa Code § 617.3* (2006), and *Rule 1.306* provides for an "[a]lternative method of service" that applies to "every corporation, individual, personal representative, partnership or association," *Iowa R. Civ. P. 1.306*. *Rule 1.306* is the provision that specifically extends Iowa's

Case 0:12-cv-60660-RNS   Document 18-2   Entered on FLSD Docket 07/30/2012   Page 5 of 9

Page 5

2012 U.S. Dist. LEXIS 28704, *13; Copy. L. Rep. (CCH) P30,218

jurisdictional reach to the federal constitutional limits. *See Hammond*, 695 N.W.2d at 5; *Larsen v. Scholl, 296 N.W.2d 785, 788 (Iowa 1980)* (noting that Iowa Rule of Civil Procedure 56.2 (now *Rule 1.306*), "unlike Iowa's older 'long-arm' statute, *section 617.3*, . . . expands Iowa's jurisdictional reach to the widest due process parameters of the federal constitution").

"The *Due Process Clause* requires 'minimum contacts' between the nonresident defendant and the forum state before the court may exercise jurisdiction over the defendant." *Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007)* (citing *World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980))*. [*14] The Eighth Circuit Court of Appeals has explained sufficient minimum contacts as follows:

> "Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there, and when maintenance of the suit does not offend traditional notions of fair play and substantial justice." By defendant's reasonable anticipation, we mean "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." We have set "a five-part test for measuring minimum contacts: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Factors one through three are primary. With respect to the third factor, we distinguish between specific jurisdiction and general jurisdiction. "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's [*15] actions within the forum state,' while '[g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'"

*Id.* (citations omitted); *see K-V Pharm. Co., 648 F.3d at 592*; *Wells Dairy, Inc. v. Food Movers Int'l, Inc., 607 F.3d 515, 518 (8th Cir. 2010)*; *Steinbuch, 518 F.3d at 585-86*; *Johnson v. Woodcock, 444 F.3d 953, 956 (8th Cir. 2006)*; *Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 648 (8th Cir. 2003)*; *Guinness Import Co. v. Mark VII Distributors, Inc., 153 F.3d 607, 613 (8th Cir. 1998)*; *Aylward v. Fleet Bank, 122 F.3d 616, 618 (8th Cir. 1997)*; *Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996)*.

The Eighth Circuit Court of Appeals has further instructed that:

> The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party of a third person. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the [*16] forum State.

*Stanton v. St. Jude Med., Inc., 340 F.3d 690, 693-94 (8th Cir. 2003)* (citations omitted).

"'Minimum contacts must exist either at the time the cause of action arose, the time the suit was filed, or within a reasonable period of time immediately prior to the filing of the lawsuit.'" *Johnson, 444 F.3d at 955-56* (quoting *Pecoraro v. Sky Ranch For Boys, Inc., 340 F.3d 558, 562 (8th Cir. 2003))*. If the court determines that a defendant has the requisite "minimum contacts within the forum state, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)* (quoting *International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S. Ct. 154, 90 L. Ed. 95 (1945))*; *see Luv N. Care Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 473 (5th Cir. 2006)* ("It remains for us to inquire whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. When a plaintiff makes its prima facie case that the defendant has 'minimum contacts' with the forum state, the burden of

Case 0:12-cv-60660-RNS   Document 18-2   Entered on FLSD Docket 07/30/2012   Page 6 of 9

Page 6
2012 U.S. Dist. LEXIS 28704, *16; Copy. L. Rep. (CCH) P30,218

proof shifts to the defendant to show that the exercise [*17] of jurisdiction would be unreasonable." (citation and quotation omitted)). These other factors include:

> "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of the controversies," and the "shared interest of the several States in furthering fundamental substantial social policies."

*Burger King Corp., 471 U.S. at 476-77* (quoting *World Wide Volkswagen, 444 U.S. at 292*). "These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Id. at 477*. If, however, a defendant "seeks to defeat jurisdiction" when the defendant purposefully "directed his activities at forum residents"--i.e., when minimum contacts are clearly established--the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.*

### B. Personal Jurisdiction Analysis

Fraserside contends that Kovalchuk's contacts with Iowa are sufficient to establish either specific jurisdiction [*18] or general jurisdiction over Kovalchuk. I will consider each of these jurisdictional grounds in turn.

### 1. General jurisdiction

"A court obtains general jurisdiction 'against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum.'" *Johnson, 614 F.3d at 794* (quoting *Dever., 380 F.3d at 1073*)(quoting in turn *Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984))*. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2853-54, 180 L. Ed. 2d 796 (2011)*; *see Viasystems, Inc., 646 F.3d at 592* (quoting *Brown, 131 S. Ct. at 2853-54*).

Fraserside contends that Kovalchuk is subject to general personal jurisdiction based on his ownership and operation of the www.DrTuber.com website. Kovalchuk disputes his ownership and operation of www.DrTuber.com and has presented his affidavit in support of his arguments. *See* Kovalchuk Aff. at ¶¶ [*19] 4-6, (docket no. 14-11). Kovalchuk avers that the website's owner is actually ERA Technologies, Ltd. ("ERA"), a company incorporated in the British Virgin Islands. *See* Kovalchuk Aff. at ¶¶ 3-4. Instead of being the owner and operator of www.DrTuber.com, Kovalchuk maintains that he manages technology for ERA and is listed as the contact person for www.DrTuber.com in the WhoIs Registry. *See* Kovalchuk Aff. at ¶¶ 6. In response, Fraserside points to its allegations in the amended complaint that Kovalchuk is the owner and operator of www.DrTuber.com. However, Fraserside cannot rely on its pleadings alone. Instead, in responding to Kovalchuk's challenge, it must present affidavits or other evidence outside of the pleadings. *Dever, 380 F.3d at 1072* ("The plaintiff's "'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto.'") (quoting *Block Indus., 495 F.2d at 260*). To meet its burden, Fraserside contends that, because Kovalchuk is listed as the registrant of the domain name DrTuber.com, he has a property interest in it and can be held responsible for the actions of the website using that domain [*20] name. To support that argument, Fraserside relies on the Ninth Circuit Court of Appeals's decision in *Kremen v. Cohen, 337 F.3d 1024 (9th Cir. 2003)*. This reliance is misplaced. In *Kremen*, the issue before the Ninth Circuit Court of Appeals was whether the domain name registrar could be held liable for conversion for assigning a domain name to a third party on the basis of a forged letter. *Id. at 1026*. This issue turned on whether a domain name was intangible personal property that could be converted. *Id. at 1029-30* In holding that a domain name was intangible property, the court of appeals observed:

> Like a share of corporate stock or a plot of land, a domain name is a well-defined interest. Someone who registers a domain name decides where on the Internet those who invoke that particular name--whether by typing it into their web browsers, by following a hyperlink, or by other

Case 0:12-cv-60660-RNS   Document 18-2   Entered on FLSD Docket 07/30/2012   Page 7 of 9

Page 7

2012 U.S. Dist. LEXIS 28704, *20; Copy. L. Rep. (CCH) P30,218

means--are sent. Ownership is exclusive in that the registrant alone makes that decision. Moreover, like other forms of property, domain names are valued, bought and sold, often for millions of dollars, *see* Greg Johnson, *The Costly Game for Net Names*, L.A. Times, Apr. 10, 2000, at A1, and they are now even subject [*21] to in rem jurisdiction, *see 15 U.S.C. § 1125(d)(2)*.

*Id. at 1030*. The *Kremen* decision did not address whether the registrant of a domain name is responsible, as a matter of law, for the actions of the website using that domain name. Because domain names may be sold, leased, or licensed, it does not necessarily follow that being the registrant of a domain name equates with operational control over the website using that domain name. Here, Kovalchuk specifically disputes his ownership and operation of www.DrTuber.com and has explained that ERA is the website's actual owner while he merely manages ERA's technology. Fraserside has not countered Kovalchuk's sworn affidavit with affidavits or other evidence. Thus, after looking at the facts in the light most favorable to Fraserside, and resolving all factual conflicts in favor of it, *see Dakota Indus., 946 F.2d at 1387*, Fraserside has not established that Kovalchuk owns and operates www.DrTuber.com. Thus, ownership and operation of the website www.DrTuber.com cannot constitute a basis for personal jurisdiction over Kovalchuk.

In considering whether Kovalchuk's contacts with Iowa are sufficient to establish general jurisdiction, I must consider, [*22] *inter alia*, the nature, quality, and quantity of those contacts. *See id.*(citing *Aftanase v. Economy Baler Co., 343 F.2d 187, 197 (8th Cir. 1965))*; *see also Pangaea, Inc., 647 F.3d at 746 n.4*; *Johnson, 614 F.3d at 794*; *Steinbuch, 518 F.3d at 585*. Kovalchuk is a Russian citizen and a resident of Russia. Kovalchuk has no employees in Iowa, no telephone number in Iowa, and no agent for service of process in Iowa. Kovalchuk has never visited Iowa and has never conducted any business in Iowa. He does not own or lease any real estate in Iowa. Thus, Kovalchuk has a total absence of contacts with the State of Iowa. This is exactly opposite the type of continuous and systematic contacts necessary for exercising general personal jurisdiction over Kovalchuk. *See VGM Fin. Servs. v. Singh, 708 F. Supp. 2d 822, 835 (N.D. Iowa 2010)* (finding defendant's contacts with Iowa insufficient to establish general jurisdiction where, among other factors, defendant did not have an office, telephone number, bank account, or any employees, representatives or agents in Iowa). Thus, I conclude Fraserside has failed to meet its burden of demonstrating that Iowa courts have general jurisdiction over Kovalchuk. *See* [*23] *Viasystems, Inc., 646 F.3d at 595*; *Wells Dairy, Inc., 667 F.3d at 518*; *Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1090 (8th Cir. 2008)*; *Romak, 384 F.3d at 983-84*.

### 2. Specific jurisdiction

"In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Brown, 131 S. Ct. at 2851* (quoting Arthur T. von Mehren & Donald T. Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis*, 79 HARV. L. REV. 1121, 1136 (1966)). Thus, "[s]pecific jurisdiction is proper 'only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities.'" *Johnson, 614 F.3d at 795* (quoting *Steinbuch, 518 F.3d at 586*). Fraserside asserts that specific jurisdiction over Kovalchuk exists because Kovalchuk has directed tortious conduct at it, an Iowa business, through his ownership and operation of the website www.DrTuber.com. Although I accept as true Fraserside's allegations that the website www.DrTuber.com [*24] has infringed Kovalchuk's registered copyrights and trademarks, these allegations, alone, fail to demonstrate that Kovalchuk "uniquely or expressly aimed" any tortious acts at Iowa. *Johnson, 614 F.3d at 796*. As discussed above, Kovalchuk is not the owner and operator of www.DrTuber.com. As a result, personal jurisdiction over Kovalchuk cannot be tied to the actions on that website. Thus, I conclude that Fraserside has failed to demonstrate that Kovalchuk's actions were "'performed for the very purpose of having their consequences felt in the forum state.'" *Dakota Indus., 946 F.2d at 1390-91* (quoting *Brainerd, 873 F.2d at 1260*).

I still must consider the five factors developed by the Eighth Circuit Court of Appeals in determining whether a nonresident defendant has sufficient minimum contacts with the forum state to exercise personal jurisdiction over it. As discussed above, I must consider: (1) the nature and

Case 0:12-cv-60660-RNS   Document 18-2   Entered on FLSD Docket 07/30/2012   Page 8 of 9

Page 8
2012 U.S. Dist. LEXIS 28704, *24; Copy. L. Rep. (CCH) P30,218

quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing its residents a forum; and (5) the convenience of the parties. *See K-V Pharm. Co., 648 F.3d at 592*; [*25] *Wells Dairy, Inc., 607 F.3d at 518*, *Steinbuch, 518 F.3d at 585-86*; *Johnson, 444 F.3d at 956*. Of the these factors, "the first three factors are of primary importance, and the last two are 'secondary factors.'" *Id.* After considering these five factors, I conclude that Fraserside has not demonstrated that Kovalchuk has sufficient minimum contacts with Iowa to justify exercising personal jurisdiction over him. As discussed above, Kovalchuk has a total absence of contacts with the State of Iowa. Thus, the nature and quality of Kovalchuk's contacts with Iowa; the quantity of his contacts with Iowa; and the relation of the cause of action to Kovalchuk's contacts, all decidedly weigh against exercising personal jurisdiction over him. While Iowa has an interest in providing a local forum in which its resident corporations may litigate claims against non-residents, Iowa's "interest in providing its residents with a forum cannot make up for the absence of minimum contacts." *Digi-Tel Holdings, Inc., v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 525 (8th Cir. 1996)*. Additionally, the convenience of the parties is, at best, a neutral factor as Fraserside's counsel is Arizona-based. Thus, both [*26] parties will be required to travel to litigate this case if it is litigated in Iowa.

Thus, after considering the relevant factors, I conclude that the exercise of general or specific personal jurisdiction over Kovalchuk is inappropriate under the Iowa long-arm statute and fails to comport with due process. Thus, viewing the circumstances of this case as a whole, Fraserside has failed to make a *prima facie* case of personal jurisdiction over Kovalchuk.

### C. Limited Jurisdictional Discovery

Fraserside alternatively contends that, even if it did not make a *prima facie* showing of personal jurisdiction, I should delay ruling on Kovalchuk's motion and permit Fraserside limited jurisdictional discovery. The Federal Rules of Civil Procedure provide for liberal discovery. *Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984)* ("Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes."). Courts "have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." *In re Multi-Piece Rim Prods. Liab. Litig., 653 F.2d 671, 679, 209 U.S. App. D.C. 416 (D.C. Cir. 1981)*. When a plaintiff offers only speculation [*27] or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery. *See Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co., 646 F.3d 589, 598 (8th Cir. 2011)* (noting that "'[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.'") (quoting *Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1074 n.1 (8th Cir. 2004)* (quoting in turn *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003)*); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 716 n.3 (4th Cir. 2002)* (affirming district court's refusal to allow plaintiff to engage in jurisdictional discovery where plaintiff's request was based on "conclusory assertions"); *McLaughlin v. McPhail, 707 F.2d 800, 806 (4th Cir. 1983)* (holding that district court did not abuse its discretion in denying jurisdictional discovery where plaintiff "offered nothing beyond his bare allegations that the defendants had had significant contacts with the [forum] state of Maryland" (internal quotation marks omitted));; *see also Rich v. KIS Cal., Inc., 121 F.R.D. 254, 259 (M.D.N.C.1988)* [*28] ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition.").

Here, Fraserside has offered nothing but conclusory assertions about Kovalchuk's contacts with Iowa. Fraserside has failed to proffer facts that, if proven, would affect my exercise of jurisdiction over Kovalchuk. Thus, its request for jurisdictional discovery is denied. *See Viasystems, Inc., 646 F.3d at 598*.

### III. CONCLUSION

For the reasons previously discussed, Kovalchuk does not have sufficient "minimum contacts" with Iowa such that the maintenance of this lawsuit would offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co., 326 U.S. at 316*. I, therefore, grant Kovalchuk's Motion to Dismiss and deny Fraserside's

2012 U.S. Dist. LEXIS 28704, *28; Copy. L. Rep. (CCH) P30,218

request for jurisdictional discovery. Judgment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED** this 5th day of March, 2012.

/s/ Mark W. Bennett

MARK W. BENNETT

U. S. DISTRICT COURT JUDGE

NORTHERN DISTRICT OF IOWA