UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-cv-60660-RNS

Cybernet Entertainment LLC, a New York Company

       Plaintiff

vs.

Igor Kovalchuk aka Vince, dba DrTuber.com and
ERA Technologies Ltd. and Extron Worldwide Corporation
and www.drtuber.com and
and DOES 1-10 inclusive and
DOE COMPANIES 1-100 inclusive

       Defendants

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO (1) QUASH PURPORTED PROOF OF SERVICE, (2) SET ASIDE DEFAULT, AND (3) FOR SANCTIONS**

**AND**

**PLAINTIFF'S CROSS-MOTION FOR ORDER PERMITTING SERVICE BY ALTERNATIVE MEANS UNDER RULE 4(f)(3)**

    Plaintiff Cybernet Entertainment LLC (hereinafter referred to as "Plaintiff" or "Cybernet"), by and through its counsel, responds to the Motion of Defendants to Quash Proof of Service and to set aside the Clerk's default herein entered. Although Plaintiff asserts that service upon Defendants' DMCA agent constitutes proper and sufficient service of process, reasonably calculated to provide notice of this Action, in the event that this Honorable Court does not agree

with this position, Plaintiff also files its Cross-Motion for an Order permitting service on Defendants by alternate means.  As set forth in the Stipulation (Doc. No. 22) filed contemporaneously with this Opposition, Plaintiff does not oppose the removal of the Clerk's default (Doc. No. 14) that has been entered against Defendant Igor Kovalchuk.

## STATEMENT OF FACTS

The defendants in this case are international intellectual property scofflaws.  The Defendants own and operate a "paysite program" which is a website devoted to the display of stolen pornographic films used to entice third parties into paying membership fees and/or buying advertising space.  As alleged in the Complaint, Cybernet is one of the most easily recognized brands in the adult entertainment industry and a global leader in legal adult fetish films.  Defendants are blatantly infringing Plaintiff's highly sought after intellectual property, copyrights and trademarks.  The issue before the Court is not, however, whether or not Defendants have committed copyright violation.  The issue before the Court is whether or not Defendants have been given notice of these proceedings so they may appear and answer to the claims made.

Defendants have purposely availed themselves of the privilege of doing business in the United States by both catering to and seeking out the United States market.  Defendants have also consciously and intentionally evaded service of process in this and other US cases against them, requiring extraordinary measures, motions, and court time before answering claims.

This is not the first time this group of defendants has been sued for infringement of intellectual property. They were also Defendants in *Fraserside IP L.L.C. v. Kovalchuk,* Case No. 11-3040, filed in the U.S. District Court for the Northern District of Iowa, which Defendants have noted in Doc. 18-2.  In that case, undersigned counsel engaged in diligent efforts to serve

the Defendants in the traditional manner, attempting service at the location listed for the drtuber.com domain owners. Upon information and belief, Defendant Igor Kovalchuk owns and operates www.drtuber.com as an alter ego, using a shell corporation and business address of Defendant ERA Technologies Ltd., RG Hodge Plaza Wickhams Cay Road Town, Tortola Virgin Islands. Although Kovalchuk claimed he did not "own" drtuber.com, his affidavit evaded the question of whether or not he owned the entity that owns drtuber and if he is really just playing a semantics game. Regardless of how many layers are between Kovalchuk, ERA, Extron Worldwide, and drtuber.com, they appear to be under common control and ownership. Neither Defendant Kovalchuk nor ERA were actually located at the Tortola address– when a process server went to serve them, this address turned out to be a mail box office. *See* Exhibit A. Defendant Kovalchuk's affidavit in that Iowa case confirms the Tortola address is just the registered address at a business center. *See* ¶ 9, Exhibit B, Kovalchuk Declaration. As to Defendant Extron, a process server attempted service on June 18, 2012. The process server found the office address was in fact a vacant building. See Exhibit C Affidavit of Process Server.

    DrTuber.com has a registered DMCA agent, Constantin Luchian, who is located at 1451 W Cyprus Creek Road Suite 300, Fort Lauderdale, FL 33309. In addition, Defendants' counsel in this case, Val Gurvits of the Boston Law Group, PC, served as Defendants' counsel in the Fraserside case. That case ended with a dismissal on March 5, 2012, just a little less than a month before this action was brought on April 13, 2012.

    In this case, Plaintiff first e-mailed a copy of the Complaint to Val Gurvits, Defendants' prior counsel. Gurvits responded that he did not represent Defendants in this case, was not authorized to accept service and stated that he did not forward a copy of the Complaint to the Defendants. (*See* Doc. 18-6, filed by Defendant). Plaintiff then retained a private process server

who served the Complaint on the DMCA agent for the Dr. Tuber website and also served Val Gurvits, Defendants' prior counsel.[1]

## LEGAL ARGUMENT

I.   SERVICE ON DEFENDANTS WAS PROPER UNDER THE CIRCUMSTANCES

   A.   Service on Defendants' DMCA Agent is Notice Reasonably Calculated to Apprise Defendants of a Copyright Infringement Action

The Due Process Clause of the Fourteenth Amendment requires only that the method of service be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.  See *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

Under the Digital Millennium Copyright Act, internet service providers may limit their liability for infringement by complying with a myriad of requirements.  The internet service provider must comply with all requirements in order to be protected under the Safe Harbor provisions of the Act.  One requirement is the designation of an agent (a "DMCA Agent" in general parlance) "to receive notifications of claimed infringement." The name, address, phone number and email address of the DMCA Agent must be located on its website in a location accessible to the public, and provided to the Copyright Office. 17 U.S.C. § 512(c)(2).

The DMCA Agent designated on the Dr.Tuber website is Constantin Luchian. Plaintiff served him with the complaint and summons by private process server.

Luchian, as a DMCA Agent, is charged under the statute to receive claims of infringement against the website, and (presumably) forward those claims to the website owners

---

[1] Defendants' Motion ignores the fact that their counsel, Val Gurvits, was served with the Complaint and Summons, a fact which he acknowledged in a letter dated April 30, 2012. Exhibit D, Letter ("Today a process server brought to my office a copy of the complaint in the above captioned case.")

and operators. The DMCA Agent's entire purpose is to be a conduit for claims of intellectual property infringement against the website. Here, the complaint, with claims of infringement by the website, was served on Luchian. Presumably, if he has the means to forward "claims" of infringement, he also has the means to forward "complaints" alleging infringement. Both are claims of infringement, both are legal notices, and both should be forwarded on to the owner of the website for action.

As Luchian's legal duty as DMCA Agent is to receive and transmit infringement claims to Defendants, service on him is notice reasonably calculated to apprise Defendants of the complaint filed in this action. While no cases appear to exist where a DMCA Agent was served with process, courts hold generally that service on an agent of a foreign corporation is proper as long as the agent is so related to the foreign corporation that it may be justly inferred that the foreign corporation will have notice of the action. *Fonar Corp. v. Tariq Contracting, Inc.*, 885 F. Supp. 56, 61 (E.D.N.Y. 1995). Here, Luchian is the appointed agent of Defendants for claims of copyright infringement, and service of this copyright and trademark infringement complaint on him should be approved.

The Affidavit of Constantin Luchian provided by Defendants with their Motion to Quash supports service on him. *See* Doc. 18-4.  He admits that he serves as the DMCA agent for the www.DrTuber.com website, and that he is to receive claims of copyright infringement on the website. He admits receiving the complaint and related documents, but inexplicably states that "[s]ince the contents of this envelope clearly did not constitute a DMCA take-down notice, I did not forward the contents of the envelope" to Defendants. Instead, he avers under oath "I did forward a copy of the contents to Attorney Val Gurvits of the Boston Law Group."

These actions by Luchian, while extraordinarily perplexing, are further evidence that Defendants are actively avoiding service of process. Why else would a DMCA Agent refuse to send on a filed federal court complaint, yet be able to forward any take down notice received? The responsibility of a registered agent of any type is to receive and forward formal documents; why would this DMCA agent take it upon himself to refuse forwarding documents served upon him?

The Court should not permit these Defendants to further evade service by giving false addresses, undeliverable mail box drops and instructing agents and attorneys not to forward to defendants any complaints received. Plaintiff requests that the Court therefore deny Defendants' Motion to Quash Service.

### B. The Court Should Enter An Order Permitting Alternate Service.

As mentioned supra, the appropriate standard for determining adequacy of service is whether the means of service employed is reasonably calculated, under all circumstances, to apprise Defendants of the pendency of the action and afford them an opportunity to present their objections. *Mullane.,* 339 U.S. at 314. In acknowledgement of this, the Federal Rules of Civil Procedure, Rule 4(f)(3) permits a court to order service on a foreign defendant by any "means not prohibited by international agreement." "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1013-1017, (9th Cir. 2002); See also *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010) *cert. denied,* 131 S. Ct. 3091, 180 L. Ed. 2d 912 (U.S. 2011).

A court has discretion to determine what alternative means of service is appropriate in a particular case. *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011), *citing Rio Props., Inc.,* 284 F.3d at 1016. Courts have permitted alternative service of process through various means, including by e-mail and/or service on local counsel. *Id*. Methods such as service by email, international mail, Federal Express, and service on the defendant's known counsel have all been approved by the courts as acceptable means of service under Rule 4(f)(3). *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687, 691 (S.D. Fla. 2010), citing *Mainstream Media, EC v. v. Riven,* 2009 WL 2157641, 3 (N.D.Cal. July 17, 2009) (noting that the court had, in an earlier order, directed service via email, international mail, and Federal Express); *Marlabs, Inc. v. Jakher,* 2010 WL 1644041, 4 (D.N.J. Apr.22, 2010) (authorizing service under Rule 4(f)(3) through defendant's attorney); and *Chanel, Inc. v. Zhixian,* 2010 WL 1740695, 3 (S.D.Fla. Apr.29, 2010) (authorizing service via email).

To the extent that the service already made upon Defendants' DMCA Agent is disapproved, Plaintiff therefore requests that this Court enter an order permitting service on Defendants' DMCA agent or upon their prior (and current) counsel. In light of the vacant Panama address and mailbox Tortola address, such service is not only reasonable but likely the only way to get through to an otherwise evasive entity.  As set forth below, both of these methods of service comport with due process as they are reasonably calculated to give Defendants notice of the proceeding. Further, given Defendants' efforts to otherwise avoid service of process, these efforts at service of process should be permitted under Rule 4(f)(3), F.R. Civ. P.

### C. Service on Defendants' Counsel, Who Represented Defendants in a Prior Case, and has Entered An Appearance Here, Should be Permitted.

As stated above, the DMCA Agent for the Dr. Tuber website, when served with complaint and summons in this case, forwarded it immediately to the person he knew to be Defendants' counsel: Val Gurvits, who has previously represented Defendants in *Fraserside*, a similar copyright infringement suit, and who has now entered an appearance in this case.

Service on a defendant's counsel has been approved in this district. *See TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687, 691 (S.D. Fla. 2010)(granting alternate service on Honduran company's U.S. counsel).

In *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 620 (S.D. Fla. 2011), the court permitted service on counsel for defendant even though counsel claimed not to know where defendant was and that he was not authorized to accept service of process on behalf of defendant. The court noted that counsel had ultimately filed Motion to Dismiss on behalf of the Defendants, and thus presumably did so with their authorization after some communication with them. Accordingly, service on counsel was proper.

Courts have permitted service on a defendant through counsel when it appears they have had contact. *See Marlabs Inc. v. Jakher*, 2010 WL 1644041 (D.N.J. 2010). In *Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307 (S.D.N.Y. 2010), even where defendant's counsel did not appear to have an address for the defendant, but they had been in recent contact, the court found there was a strong indication that counsel would succeed in forwarding the summons and complaint to defendant via a recently used email address. The court thus approved service on counsel.

Here, Defendants' counsel has never indicated that he did not know how to reach Defendants. In his email response after being emailed the complaint he indicated that he did not

represent Defendants in this action. He stated that he "supposed" he no longer represented them since the *Fraserside* action had been dismissed. *See* Doc. 18-6, April 24, 2012 Email from Val Gurvits. Gurvits claimed not to be representing Defendants at the time of service, he claimed he was not authorized to accept service of process, and he refused to forward the complaint and summons served on him and received from their DMCA Agent. Document 18-7, Letter from Val Gurvits dated April 30, 2012.  Attorney Gurvits has now (predictably) appeared to move to quash service and vacate the clerk's default entered against his client, presumably with the approval (and payment) of Defendants.

Counsel was clearly able to reach Defendants in this case. Service on him would be proper and should be approved under Rule 4(f)(3).[2]

> D.   **The Court may elect, in the interest of a just, speedy, and inexpensive determination of the action, to approve Plaintiff's service of Defendants *Nunc Pro Tunc*.**

Where a plaintiff has attempted alternative service upon a defendant without prior court approval, but in a manner that the court finds otherwise appropriate under Rule 4(f)(3), the court may retroactively approve the service with an order *nunc pro tunc*. *Marks v. Alfa Group*, 615 F. Supp. 2d 375 (E.D. Pa. 2009). Retroactively affirming service that would have been approved if requested in advance avoids "the entirely redundant act of re-serving [defendant] in the same manner already undertaken. That result would be contrary to the mandate of Rule 1 of the Federal Rules of Civil Procedure, namely, that the Rules 'should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Marks v. Alfa Group*, 615 F. Supp. 2d at 380. See also, other courts approving service with an

---

[2] Given that he has participated in a number of cases in this state (e.g., S.D. Fla. Case Nos. 1:11-cv-20427-KMW, 0:11-cv-62107-KMW, 0:12-cv-60931-KAM), Plaintiff has no reason to believe that Mr. Gurvits would not keep his client reasonably informed about the status of this Action, as required by Florida's Rule of Professional Conduct 4-1.4(3).

order nunc pro tunc: *Valz v. Sheepshead Bay Bungalow Corp.*, 249 N.Y. 122, 136, 163 N.E. 124 (1928), cert. denied, 278 U.S. 647, 49 S.Ct. 82, 73 L.Ed. 560 (1928) (*nunc pro tunc* order proper where court could have made same order earlier and no prejudice resulted); *Meek v. Martin*, 19 Misc.2d 649, 196 N.Y.S.2d 744 (Sup.Ct.1959) (leave of court to serve process on incompetent and his committee granted *nunc pro tunc*); *Dolgow v. Anderson*, 43 F.R.D. 21, 23 (E.D.N.Y. 1967); *Igloo Prods. Corp. v. Thai Welltex Intern. Co., Ltd.,* 379 F.Supp.2d 18, 20 (D.Mass.2005); *Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd.,* Civ. A. No. 03-8554, 2005 WL 1123755, at 4 (S.D.N.Y. May 11, 2005); Dobkin v. Chapman, 25 A.D.2d 745, 269 N.Y.S.2d 49 (2d Dep't 1966); Van Dunk v. Lazrovitch, 50 Misc.2d 649, 270 N.Y.S.2d 803 (Civ.Ct.N.Y.C.1966).

## II.     PLAINTIFF HAS NOT ENGAGED IN ANY SANCTIONABLE CONDUCT

Defendants seek sanctions in the form of attorney's fees on the grounds that Plaintiff, while knowing that the Defendants had not been properly served, represented that service had been accomplished and that a default should enter as to all three defendants. This is not the case.

In fact, all three Defendants were served by service on their joint counsel. While Plaintiff's request for entry of default recites only the service on the DMCA Agent, it is quite clear that service was also accomplished by service on the attorney who unquestionably represented all three defendants. The request for entry of default may have not included all proofs of service available, but Plaintiff in no way sought default without having served all Defendants.

Defendants also recite as grounds for sanctions "that counsel was fully aware of the Court's findings in *Fraserside v. Kovalchuk.*" It is unclear what counsel means by this. The findings in *Fraserside* had nothing to do with service of process, the only issue before this Court

today. The decision cited by Defendants involved personal jurisdiction over Defendants in Iowa, and only in Iowa, and only upon the evidence that was presented to that Court.

Plaintiff has done nothing in this case to warrant sanctions. Plaintiff's intellectual property rights are being blatantly violated by Defendants who have done everything possible to evade service and avoid being held accountable for their theft. Plaintiff has served them in a manner approved by the courts for alternative service on a foreign defendant and even given Defendants an opportunity to file a special appearance, which was also ignored. The Court should deny the request for sanctions.

Moreover, Defendants' own filings disprove their argument that having attorneys "work nearly round-the-clock" to meet an artificial filing deadline has somehow augmented Defendants' incurred costs at the fault of Plaintiff's counsel. To the contrary, in the spirit of Local Rule 7.1(a)(3), which Defendants have apparently determined does not apply to them, Plaintiff's counsel attempted to confer with Mr. Gurvits to both narrow the issues for this Court's consideration, and to set a mutually acceptable briefing schedule for the same. (*See* Doc. No. 18-8.) Rather than taking this offered opportunity to collaborate with Plaintiff's counsel and reach a professional common ground, Defendants' counsel took the more contentious – and not surprisingly more expensive – route of invoking this Court's review prior to engaging in a good-faith discussion with Plaintiff's counsel. Placing the burden now of Defendants' abrasive litigation strategy upon Plaintiff's counsel is an entirely inequitable result under these circumstances.

## CONCLUSION

Plaintiff served the Defendants' DMCA Agent and Defendants' attorney. Service on these agents is proper, and is notice reasonably calculated to apprise Defendants of the lawsuit. The Court should approve the service under Rule 4(f)(3).

Plaintiff has done nothing to incur sanctions. Plaintiff filed a request for entry of default that did not include all proofs of service available but only after notifying Defendants' attorney of the intention to file for default if no appearance was made. The Court should deny the request for sanctions and either (i) deny Defendants' motion, approving Plaintiff's service of process as being reasonably calculated to provide notice of the Action and opportunity to present objection; (ii) enter an order permitting alternate service upon Defendants in a manner acceptable under the circumstances; or (iii) enter an order *nunc pro tunc* permitting the service upon Defendants' attorney and DMCA agent.

## CERTIFICATE OF PRE-FILING CONFERENCE

On August 8, 2012, pursuant to Local Rule 7.1(a)(3), counsel for Plaintiff conferred with all parties or non-parties who may be affected by Plaintiff's Cross-Motion for an Order Permitting Alternate Service under Fed. R. Civ. P. 4(f)(3), in a good-faith effort to resolve the issues raised in the Cross-Motion, and has been unable to do so.

DATED: August 13, 2012                     Respectfully submitted,

By:

RANDAZZA LEGAL GROUP
2 S. Biscayne Blvd, Suite 2600
Miami, FL 33131

Telephone (888) 667-1113
Facsimile: (305) 397-2772

*/s/ Jason A. Fisher*
Jason A. Fisher, (68762)
jaf@randazza.com

*/s/ Chad L. Belville*
Chad Belville, Attorney at Law
*Pro Hac Vice*
4742 North 24th Street Suite 315
Phoenix, AZ 85016

MAILING ADDRESS:
P.O. Box 17879
Phoenix, AZ 85011

Telephone: 602-904-5485
FAX: 602-297-6953
E-mail cbelville@azbar.org

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 13th day of August, 2012, a true and correct copy of the foregoing was served on all counsel or parties of record on the Service List below by the means indicated for each.

      *s/Jason A. Fischer*

## SERVICE LIST

By Filing with the Court's CM/ECF System, which provides notice to:

Igor Kovalchuk a/k/a "Vince," d/b/a DrTuber.com;
ERA Technologies Ltd.; and Extron Worldwide Corporation

c/o Evan Fray-Witzer
Law Office of Fray-Witzer
20 Park Plaza, Suite 804
Boston, MA 02116
Tel:  617-723-5630
Email: Evan@Fray-Witzer.com

c/o Valentin Gurvits
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Tel:  617-928-1804
Email: vgurvits@bostonlawgroup.com

c/o John Francis Bradley
Bradley Legal Group, P.A.
15 Northeast 13 Avenue
Fort Lauderdale, FL 33301
Tel:  954-523-6160
Fax:  523-6190
Email: jb@musiclawattorney.com