UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:12-cv-60660-RNS

Cybernet Entertainment LLC, a New York Company,

       Plaintiff,

vs.

Igor Kovalchuk a/k/a "Vince," d/b/a DrTuber.com;
ERA Technologies Ltd.; Extron Worldwide Corporation;
and JOHN DOES 1-100,

       Defendants.

## ORDER

Before the Court are the following:

    1. Defendants' Motion (Doc. No. 18) seeking (i) to Quash Plaintiff's Purported Proof of Service; (ii) to set aside the Clerk's Entry of Default as to Defendant Igor Kovalchuk; and (iii) Sanctions against Plaintiff and its counsel;

    2. Plaintiff's Stipulation (Doc. No. 22) to Removal of Clerk's Default; and

    3. Plaintiff's Opposition (Doc. No. 23) to Defendants' Motion and Cross-Motion for an Order Permitting Alternate Service.

It is an issue of first impression for this Court whether a complaint alleging copyright infringement may properly be served upon a defendant's agent who has been designated pursuant to 17 U.S.C. § 512(c)(2) for the purpose of receiving notification of claimed

infringement. The Court, having carefully reviewed the above-listed documents, the pleadings and exhibits in this matter, hereby finds that service of a copyright complaint upon an agent designated pursuant to the Digital Millennium Copyright Act (the "DMCA"), especially in the case of a business entity that serves customers in the United States, but through operations located outside of the United States, does not offend the Due Process requirements of the United States Constitution, as such service is reasonably calculated to provide notice to the defendant that an action has been brought against him, as well as an opportunity for such defendant to appear and present his objections. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

Defendants have not shown good cause for quashing Plaintiff's Proof of Service (Doc. No. 12), where service was made upon Defendants' agent for receiving notices of claimed copyright infringement.

Accordingly, it is **ORDERED AND ADJUDGED** that

(i) Defendants' Motion to Quash Plaintiff's Proof of Service is DENIED;

(ii) Defendants' Motion to Set Aside Clerk's Default as to Defendant Kovalchuk is GRANTED as unopposed by Plaintiff;

(iii) Defendants' Motion for Sanctions against Plaintiff and its counsel is DENIED;

(iv) Plaintiff's Motion for an Order Permitting Alternate Service is DENIED as moot; and

(v) Defendants shall, within twenty-one (21) days after this ORDER, file their responsive pleadings to Plaintiff's Complaint.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this _____ day of _____, 2012.

_____
United States District Judge