UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60660-CIV-SCOLA/OTAZO-REYES

CYBERNET ENTERTAINMENT LLC,

    Plaintiff,

vs.

IGOR KOVALCHUK a/k/a "Vince," d/b/a
DrTuber.com, ERA TECHNOLOGIES LTD.,
EXTRON WORLDWIDE CORPORATION,
and JOHN DOES 1-100,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the following motions: (1) Defendants Igor Kovalchuk ("Kovalchuk"), ERA Technologies Ltd. ("ERA Technologies"), and Extron Worldwide Corporation's ("Extron") (collectively, "Defendants") Motion to Quash Purported Proof of Service, Set Aside Default, and for Sanctions (hereafter, "Motion to Quash," "Motion to Set Aside Default," and "Motion for Sanctions") [D.E. 18]; and (2) Plaintiff Cybernet Entertainment LLC's ("Plaintiff") Cross-Motion for Order Permitting Service by Alternate Means Under Rule 4(f)(3) (hereafter, "Motion for Alternate Service") [D.E. 23]. These motions were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 31]. For the reasons stated below, the undersigned hereby GRANTS the Motion to Quash, GRANTS the Motion to Set Aside Default, DENIES WITHOUT PREJUDICE the Motion for Alternate Service, and RECOMMENDS that the Motion for Sanctions be GRANTED.

## I. BACKGROUND

Plaintiff filed this action on April 13, 2012 for alleged copyright infringement by the www.DrTuber.com website [D.E. 1]. On July 24, 2012, Plaintiff filed a Proof of Service purporting to show that Kovalchuk was served on May 14, 2012 [D.E. 10]. The Proof of Service states that service was made on "Constantine Lucian (Registered DMCA Agent) who is designated to accept service of process on behalf of Igor Kovalchuk aka 'Vince' dba Dr. Tuber.com." [D.E. 10-1 at 1].[1] Also on July 24, 2012, Plaintiff moved for a Clerk's entry of default against all Defendants, citing to the Proof of Service [D.E. 11]. However, the Clerk only entered default against Kovalchuk. [D.E. 14 and 15].

On July 30, 2012, Defendants filed the Motion to Quash, Motion to Set Aside Default, and Motion for Sanctions [D.E. 18] seeking: 1) to quash the "Proof of Service" filed on July 24, 2012; 2) to set aside the default against Kovalchuk; and 3) an award of attorney's fees as sanctions for Plaintiff's conduct relating to service of process. Plaintiff filed a combined Opposition and Motion for Alternate Service [D.E. 23]. Therein, Plaintiff states that it does not object to the removal of the Clerk's default as to Kovalchuk. See Opposition and Motion for Alternate Service [D.E. 23 at 2]. Further, although Plaintiff contends that service was proper, it seeks permission to effectuate service on Defendants via the DMCA agent and Defendants' counsel personally and by email and/or certified mail pursuant to Federal Rule of Civil Procedure 4(f)(3). Defendants oppose the Motion for Alternate Service [D.E. 26].

On January 9, 2013, Plaintiff filed a Proof of Service upon ERA Technologies, which is located in Tortola, British Virgin Islands [D.E. 30]. The Proof of Service purports to comply with the Hague Convention. See Proof of Service [D.E. 30-1 at 1]. On January 22, 2013,

---

[1] The DMCA is the Digital Millennium Copyright Act, 17 U.S.C. § 512. The DMCA allows online service providers to designate an agent to receive notifications of claimed infringement, known as "takedown notices," as described in the statute. See 17 U.S.C. § 512(c)(2).

2

Plaintiff filed a Second Motion for Clerks Entry of Default as to ERA Technologies [D.E. 34]. However, on January 23, 2013, ERA Technologies filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction [D.E. 36].

## II. PRELIMINARY MATTERS

Because Plaintiff does not oppose removal of the Clerk's default against Kovalchuk, the undersigned will grant the Motion to Set Aside Default. Further, the recent filing of the Proof of Service as to ERA Technologies and ERA Technologies' Motion to Dismiss for lack of personal jurisdiction moot the Motion for Alternate Service as to that defendant. Accordingly, the Court will consider the Motion for Alternate Service only as to Extron and Kovalchuk.

## III. MOTION TO QUASH

In opposition to Defendants' Motion to Quash, Plaintiff contends that it accomplished service on Defendants in two ways: by serving Defendants' prior counsel in another lawsuit, Val Gurvits ("Gurvits");[2] and by serving DrTuber.com and ERA Technologies' DMCA Agent, Constantin Luchian ("Luchian"). See Opposition and Motion for Alternate Service [D.E. 23 at 3-5, 10].

As to Plaintiff's first argument, it has not proffered any proof of service on Gurvits, and even concedes that it did not attach any such proof to its Motion for Clerk's Default. Id. at 10, 12. Although Gurvits admits in a letter to Plaintiff that he was visited by a process server, he further states that he is not authorized to accept service of process for Defendants. See April 20, 2012 Letter [D.E. 23-4 at 1]. Therefore, service on Gurvits was not sufficient. See Bennett v. Circus U.S.A., 108 F.R.D. 142, 147 (D.C. Ind. 1985) ("Courts will not consider the fact that the attorney represented the defendant in an unrelated matter as evidence of an appointment for

---

[2] Gurvits only represented Kovalchuk in Fraserside v. Kovalchuk, et. al, Case No. C11-3040-MWB, a trademark infringement lawsuit filed in the District of Iowa, which also involved Plaintiff's counsel ("Iowa case"). That case was dismissed lack of personal jurisdiction.

3

service of process.") (citing Maldonado v. Ramirez, 757 F.2d 48, 51 (3d Cir. 1985); Schultz v. Schultz, 436 F.2d 635, 639 (7th Cir. 1971); United States v. Marple Cmty. Record, Inc., 335 F. Supp. 95, 101 (E.D. Pa. 1971)).

In support of its second argument, Plaintiff argues that ERA Technologies, Extron, and www.DrTuber.com are all under common control and ownership. See Opposition and Motion for Alternate Service [D.E. 23 at 3]. Indeed, in its Motion for Clerk's Entry of Default as to all Defendants, Plaintiff collectively called all Defendants "DrTuber." [D.E. 11 at 1]. Plaintiff claims that Kovalchuk owns and operates www.drtuber.com as an alter ego, using a shell corporation and the business address of ERA Technologies. Id. In support of this contention, Plaintiff has submitted a copy of Kovalchuk's declaration in the Iowa case. See Kovalchuk Declaration (Iowa case) [D.E. 23-2 at 1-7]. Attached to that declaration is a "Domain Name Search" stating that Kovalchuk, through ERA Technologies, is the registrant and the administrative and billing contact for DrTuber.com. However, in his declaration, Kovalchuk states that he is listed as the contact because he manages ERA Technology. See Id. at 6. Further, nothing in the declaration explains Extron's association with ERA Technologies and Kovalchuk.

Plaintiff further claims that when Luchian, as DrTuber.com's DMCA agent, was served with the complaint and summons, he accepted service on behalf of all Defendants. However, Luchian swears that he is the DMCA agent for the www.DrTuber.com website and its operator, ERA Technologies, Ltd. only, and that he has no connection to either Kovalchuk or Extron. See Luchian Affidavit [D.E. 18-4 at ¶¶ 4, 9-12]. Therefore, the undersigned finds no basis for Plaintiff's common control theory.

Further, even if the Court were to accept Plaintiff's theory that all Defendants are

essentially the same party, service on a DMCA agent is not sufficient for service of process. Luchian's duties as DMCA agent are "limited to receiving take-down notices from parties who claim that their copyrighted material appears on DrTuber.com and forwarding those notices to DrTuber.com." Luchian Affidavit [D.E. 18-4 at 2]. Additionally, the pertinent statute provides: "The limitations on liability established in this subsection apply to a service provider only if the service provider has designated an agent to receive notifications of claimed infringement described in paragraph (3)." 17 U.S.C. § 512(c)(2). Thus, the DMCA agent is appointed for a specific purpose under the DMCA and the statute does not provide that the agent is designated to accept service of civil complaints.

Plaintiff concedes that it cannot cite to any case law in which a DMCA agent was properly served with process. See Id. at 5. Moreover, agents appointed for notification purposes under other laws have been found not to be agents for service of process. See, e.g., E. & J. Gallo Winery v. Cantine Rallo, S.p.A., 430 F. Supp. 2d 1064, 1083 (E.D. Cal. 2005) (finding that service upon an agent designated to accept service under the Trademark Act did not constitute valid service of process for purposes of litigation in federal district court); Outboard Marine Corp. v. Chantiers Beneteau, 687 F. Supp. 366 (N.D. Ill. 1988) (finding insufficient service of a civil complaint on the defendant's agent for service of patent proceedings). Therefore, even if Lucian were somehow to be construed as an agent for all Defendants, Lucian is not designated to accept service of process for this action.

Because purported service of process on Defendants through Gurvits and Luchian was not sufficient, the undersigned will grant the Motion to Quash.

### IV. MOTION FOR ALTERNATE SERVICE

In its Motion for Alternate Service, Plaintiff seeks: 1) an order permitting it to effectuate

alternate service upon Defendants, or 2) an order, nunc pro tunc, ratifying service on Defendants' attorney and DMCA agent as proper, all pursuant to Federal Rule of Civil Procedure 4(f)(3).

Federal Rule of Civil Procedure 4(f)(3) provides that an individual in a foreign country may be served "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Rule 4(h)(2) allows a corporation to be served outside the United States "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617, 619 (S.D. Fla.2011). An alternate form of service must be reasonably calculated to give notice to the defendants consistent with their constitutional due process rights. See Brookshire Bros. v. Chiquita Brands Int'l, Inc., 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have found broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (citing Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries, 353 F.3d 916, 921, 927 (11th Cir.2003)). The decision to issue an order permitting alternate means of service lies within the discretion of the court. See, e.g., Chanel, Inc. v. Lin, No. 08–23490–CIV, 2009 WL 1034627, at *1–2 (S.D. Fla. Apr.16, 2009).

A.   **Service on Kovalchuk**

Plaintiff bases its request for alternate service as to this defendant on what transpired in the Iowa case. Plaintiff states that when it attempted to serve Kovalchuk in that case at a Tortola address, the address turned out to be a post office box, and cites to Exhibit A, which is entitled "Proof of Service from Prior Action." See Opposition and Motion for Alternate Service [D.E. 23 at 3]. That document states that Kovalchuk was served through an agent, Janice Sergeant, on October 20, 2011. See Proof of Service from Prior Action [D.E. 23-1 at 2]. Plaintiff also

attaches a declaration from Kovalchuk from the Iowa case in which Kovalchuk swears that he is a citizen and resident of Russia. See Kovalchuk Affidavit (Iowa Case) [D.E. 23-2 at ¶ 2].

Though Russia is a signatory to the Hague Service Convention, 20 U.S.T 361, it "unilaterally suspended all judicial cooperation with the United States in civil and commercial matters. The Russian Federation refuses to serve letters of request from the United States for service of process presented under the terms of the 1965 Hague Service Convention." U.S. Dep't of State, Russia Judicial Assistance, http://travel.state.gov/law/judicial/judicial_3831.html (last visited Feb. 4, 2013). Because of this refusal to cooperate under Hague Convention protocols, courts have specifically used Rule 4(f)(3) as a vehicle for alternate service on Russian defendants. See, e.g., Nuance Commc'ns, Inc. v. Abbyy Software House, 626 F.3d 1222, 1239 (Fed. Cir. 2010); Arista Records LLC v. Media Services LLC, 69 Fed. R. Serv. 3d 1623, 1623 (S.D. N.Y. 2008). However, there is no evidence that Plaintiff has made any attempts to serve Kovalchuk in Russia, nor has Plaintiff presented any reason to excuse its failure to do so. See Ambriz Trading Corp. v. Uralsib Fin. Corp., No. 11 Civ. 4420(SAS), 2011 WL 5844115 (S.D. N.Y. Nov. 21, 2011) ("Plaintiffs should have made some attempt at actually serving [Russian] defendants, and, if that was ineffective, asked this Court to allow alternative means of service."). As the record stands, there is no suggestion that Kovalchuk has tried to evade service in Russia. Accordingly, the Motion for Alternate Service in connection with Kovalchuk is denied at this time, pending satisfactory documentation of any attempts to serve Kovalchuk in Russia either through Hague Convention protocols or through consultation with Russian counsel. See Owen v. Sports Gymnastics Fed'n of Russia, No. 1:12-cv-00034-NT, 2012 WL 346661, *2 (D. Me. Jan. 31, 2012) (requiring the plaintiff to provide the court with documentation that he has attempted more traditional service in Russia by consultation with Russian individuals

knowledgeable in Russian law and that international agreements do not require the service documents to be translated into the official language of the foreign country).

**B.      Service on Extron**

Extron is a Panamanian entity. Motion to Quash [D.E. 18 at 3]. Panama is a signatory to the Inter-American Service Convention. "For international service in Panama, parties must follow either: (1) the Inter–American Convention on Letters Rogatory and Additional Protocol, since Panama is not a signatory to the Hague Convention; (2) the law of Panama for service; or (3) another method set forth in Rule 4(f)(2)(C)." Jon D. Derrevere, P.A. v. Mirabella Found., No. 6:10–cv–925–Orl–28DAB, 2011 WL 1983352, at *2 (M.D. Fla. Apr. 26, 2011). Plaintiff has proffered a declaration from a process server that he attempted service on this defendant in Panama on June 18, 2012, but found that the office address was an empty building. See Declaration of Process Server [23-3 at 2]. Plaintiff, however, has not affirmatively showed that its proposed alternate method of service on Extron is not prohibited by the Inter-American Service Convention. Accordingly, the Motion for Alternate Service in connection with Extron is denied at this time pending a showing that alternate means are not contrary to the Inter-American Service Convention. See Fed. R. Civ. P. 4(f)(3).

**V.      REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION FOR SANCTIONS**

Defendants seek sanctions, pursuant to the Court's inherent authority, in the form of attorney's fees and costs in connection with the filing of the Motion to Quash and Motion to Set Aside Default. Defendants argue that sanctions are appropriate because Plaintiff knowingly represented to this Court that service had been accomplished and that a Clerk's default should be entered as to all three Defendants, when in fact, service had not been effectuated. Defendants further argue that sanctions are warranted to deter Plaintiff's attempts at skirting the Federal

8

Rules of Civil Procedure. Plaintiff responds that, in addition to serving Luchian, it served Gurvits, even though it did not attach proof of such service or mention it in the Motion for Clerk's Default. [D.E. 11].

"Federal courts have the inherent power to control and discipline parties by awarding sanctions to punish conduct that is designed to, or utilized in such a manner as to, abuse the judicial process." Wakefield v. Sears, Roebuck and Co., No. 05-61152-CIV, 2008 WL 686914, at *1 (S.D. Fla. Mar. 11, 2008). Sanctions are appropriate upon a finding of bad faith. See Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument." Id. (citing Primus Automotive Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997). "The assessment of attorney's fees for bad faith litigation serves two goals: (1) vindicating judicial authority without resort to the more drastic sanctions available for contempt of court; and[] (2) making the prevailing party whole for expenses caused by his opponent's obstinacy." Barash v. Kates, 585 F. Supp. 2d 1368, 1371-72 (S.D. Fla. 2008).

A review of the record indicates that Plaintiff improperly sought a default against all three Defendants based on purported service on Luchian. However, Luchian is only a DMCA agent for ERA Technologies and Plaintiff concedes that there is no legal authority for serving process on a DMCA agent. Moreover, Plaintiff acknowledges that it did not base its Motion for Clerk's Default on service on Gurvits. Plaintiff further attempts to defend its conduct by stating that Defendants have evaded service and are violating its intellectual property rights. Plaintiff has proffered no proof of such purported evasion and Defendants' alleged illegal conduct provides no basis for disregarding the formalities of service of process. Plaintiff made a tactical decision to ignore the Federal Rules of Civil Procedure and attempt service by alternate means

without seeking the Court's permission to do so, and in a manner that it concedes is not supported by any precedent.

Plaintiff acted in bad faith when it filed its Motion for Clerk's Default and made a purposeful misrepresentation to the Court that all three Defendants had been served. See Motion for Clerk's Default [D.E. 11 at 1-2]. In its attempt to confuse and obtain a Clerk's default, Plaintiff improperly, and without basis, grouped all three Defendants together as "DrTuber." See Id. at 1. Plaintiff also relied on a Proof of Service that falsely stated that Luchian was an agent for Kovalchuk. See Proof of Service [D.E. 10 at 1]. In its Response, rather than acknowledging its missteps, Plaintiff seeks to justify its actions by casting aspersions on Defendants' conduct and by its insistence that it also served Gurvits, though it did not mention such service in its Motion for Clerk's Default. Plaintiff's conduct can only be interpreted as a calculated means of forcing Defendants to make an appearance in this lawsuit by seeking and obtaining a Clerk's default through misrepresentations. Accordingly, the undersigned finds that Plaintiff engaged in bad faith litigation tactics and respectfully recommends that the requested sanctions be granted.

## VI. CONCLUSION

Based on the foregoing considerations, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion to Quash [D.E. 18] is **GRANTED**;

2. The Motion to Set Aside Default [D.E. 18] is **GRANTED**; and

3. The Motion for Alternate Service [D.E. 23] is **DENIED AS MOOT** as to ERA Technologies and **DENIED WITHOUT PREJUDICE** as to Kovalchuk and Extron in accordance with this Order.

Further, the undersigned,

Respectfully **RECOMMENDS** that the Motion for Sanctions [D.E. 18] be **GRANTED** and that Defendants be directed to submit a statement of their attorneys' fees and costs incurred in connection with the Motion to Quash and Motion to Set Aside Default.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Robert N. Scola, Jr., United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of February, 2013.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Court Judge Robert N. Scola, Jr.
      Counsel of Record