# Exhibit A

Settlement Agreement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CYBERNET ENTERTAINMENT, LLC, | CASE NO. 0: 12-cv-60660-RNS |
| vs. | SETTLEMENT AGREEMENT |
| IGOR KOVALCHUK a/k/a "VINCE," d/b/a DRTUBER.COM; ERA TECHNOLOGIES LTD.; EXTRON WORLDWIDE CORP.; and JOHN DOES 1 – 50 | * TO BE FILED * |

This Settlement Agreement ("Agreement") to fully and finally settle the above-captioned manner is entered into by Cybernet Entertainment, LLC, a California LLC, ("Plaintiff"); AND: Igor Kovalchuk, ERA Technologies, Ltd. ("ERA") a company incorporated in the British Virgin Islands, Extron Worldwide Corp., a company incorporated in Panama, and www.drtuber.com (collectively "Released Parties"). Jointly, the parties to this Agreement shall be referred to as the "parties." This Agreement resolves all issues which were or which could have been raised in all Complaints filed to date and all issues related to issues raised in all Complaints, specifically including any and all claims involving alleged infringement of intellectual property and/or publicity rights, whether known or unknown, in any medium owned or operated by the Released Parties through the date of this Agreement.

Representatives of both parties have negotiated and engaged in settlement discussions. Settlement terms were discussed and the primary points of settlement were agreed upon. It was also agreed that the specific details of settlement would be reduced to writing and executed in order to be effective.

The parties, recognizing the expense, vagaries, and uncertainties of protracted litigation, have agreed to resolve the disputes, to compromise their claims, and to memorialize their respective rights, duties, responsibilities and obligations under this settlement. In full satisfaction of any and all enumerated disputes and claims, and in consideration of the exchange of full, general, and mutual releases, for other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and upon the terms and conditions, the premises and promises, and the covenants stated below, the parties **agree as follows**:



Release of Claims:  Plaintiff and the Released Parties, and each of their respective past and present subsidiaries, parent corporations, affiliates, and related entities, and each of their respective officers, directors, trustees, attorneys, agents, employees, contractors, and release and forever discharge one another, and each of their past and present subsidiaries, parent corporations, affiliates, and related entities, and each of their respective officers, directors, attorneys, agents, employees, contractors, and assigns from any and all judgments, debts, claims, demands, actions, causes of action, controversies, contracts, agreements, promises, attorney's fees, omissions, damages, and liabilities of every description, at law or in equity, whether known or unknown, that any such releasing party had, now has, or may have against one another for any acts or omissions which occurred before the date of the signing of this Agreement, including, without implied limitation, all claims which were raised or could have been raised in the Florida Litigations.

Ongoing infringing materials discovered on Released Parties' websites:  If infringing material owned by Cybernet Entertainment, LLC is discovered on affiliated websites, the relevant website operator agrees to provide all available information as to the source of the material on the website, including IP information and other identifying information belonging to the uploader upon request by Cybernet Entertainment, LLC or its agent's request, within a reasonable time.  In the event Cybernet Entertainment, LLC decides to take action against the uploader, the website operator, or its authorized representative, will provide an affidavit as to the provided information and reasonably required supporting material or testimony.  Cybernet Entertainment, LLC shall be responsible for reimbursing any actual expenses associated with the provision of such material or testimony, to the extent permitted by law.  The relevant website operator will enact reasonable methods to prevent unauthorized Cybernet Entertainment, LLC content from being published on the website.  Prior to the filing of any future litigation against the Released Parties relating to intellectual property rights infringement, the Released Parties shall be afforded an opportunity to remove any and all infringing material within five (5) business days after notification by email sent by an authorized representative of Cybernet Entertainment, LLC to ( dmca@drtuber.com) or other email as may be provided in writing to Cybernet Entertainment, LLC by the Released Parties or their legal counsel.  Such email shall specifically identify the allegedly infringing material, and certify that the use violates the Plaintiff's intellectual property rights.  So long as such material is removed per this Agreement, Cybernet Entertainment, LLC shall not initiate any legal proceeding against the Released Parties, or, their agents, employees, successors or assigns, relating to the material.

Costs.  Each party to this Agreement shall bear its respective costs with respect to the negotiation, drafting, execution, and performance of this Agreement and all acts required to be undertaken by the terms thereof.  Each party to this Agreement shall bear its respective costs with respect to the underlying litigations and the release contained in this Agreement is intended to, and does, specifically release any claims for costs and attorney's fees incurred by any Party in connection with the Litigation.

Additional Acts. All parties shall execute and deliver all documents and perform all further acts that may be reasonably necessary and useful to effectuate the purposes and provisions of this Agreement.

Motion to Vacate: Plaintiff shall have the right to file an unopposed motion to vacate the Magistrate's recommendation for sanctions at any time after the date hereof, provided that this settlement shall not be conditioned on the outcome of said motion to vacate

Authority. Each individual signing this Agreement warrants and represents that he has full authority and is duly authorized to act and execute this Agreement on behalf of the party for which he signs.

Date of Agreement: This Agreement must be signed by 18 February 2013 to be valid.

Choice of Law. The provisions of this Agreement shall be governed by the laws of the State of Florida. However, such choice of law shall NOT be deemed to be consent by the Released Parties to jurisdiction in Florida or the United States. The parties agree that any dispute arising out of or relating in any way to this Agreement shall be resolved in binding arbitration. Such arbitration shall take place in person in London, England.

Severability. If any provision of this Agreement is found to be void or unenforceable, the remaining provisions shall remain in full force and effect.

Representation. This Agreement has been negotiated by the parties and memorialized by Cybernet Entertainment, LLC Counsel Chad Belville. Defendants Igor Kovalchuk, ERA and the Released Parties are represented by Valentin Gurvits who has had sufficient time to review the terms and suggest reasonable edits. Both parties agree this Agreement shall be interpreted fairly in accordance with its terms and without any strict construction in favor of or against either party.

Entire Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter thereof, and there are no inducements, representations, warranties, or understandings that do not appear within this Agreement. This Agreement may be modified only by a writing signed by both parties. This Agreement may be executed in counterparts and exchanged by PDF files.

Dismissal: Within fourteen (14) days from the date hereof, , the parties will file a Joint Motion to Dismiss With Prejudice with the Court, which will inform the Court that the case has been settled and which will attach this Agreement as a public exhibit. Said dismissal shall specify that it is with prejudice, without costs or attorney's fees to either party, and with all rights of appeal waived. Plaintiff will also notify registrars of the dismissal of the action upon receipt of notice of dismissal by the Court.

This Agreement may be executed in counterparts, each of which when so executed and delivered shall be deemed to be an original, but all of which taken together form but one and the same instrument.

Page 3 of 4



This Agreement shall be binding on the parties, their successors in interest, present and future subsidiaries, assignees or acquirers, including any acquirer of substantially all of the assets of a party.

IN WITNESS WHEREOF, Cybernet Entertainment LLC and the Released Parties have caused their duly authorized representatives to execute this Agreement to be effective as of 18 February, 2013.

Atty. Chad Belville
For Plaintiff Cybernet Entertainment LLC
Authorized Signer
Dated this 13 day of February 2013

Atty. Valentin Gurvits
For Released Parties
Authorized Signer
Dated this 18 day of February, 2013